COMMONWEALTH *vs.* AUGUSTUS S. QUINN & others.

Suffolk.    April 2, 1895. — June 18, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Dance Hall as Public Amusement — Statute.*

A dance hall, to which the public is admitted upon payment of a small fee is a public amusement, within the meaning of Pub. Sts. c. 102, §§ 115, 116.

COMPLAINT, to the Police Court of the City of Chelsea, alleging that the defendants, Augustus S. Quinn, Hugh J. Morrison, and Patrick H. O'Callaghan, did carry on in Chelsea " a certain public amusement, to wit, a dancing assembly," not having a license, " admission to said public amusement being obtained by ticket obtained by the payment of money, and that the said public amusement was not a public entertainment by a religious society, or carried on for a charitable purpose." At the trial in the Superior Court, before *Sheldon,* J., the jury returned a verdict of guilty ; and the defendants alleged exceptions. The facts appear in the opinion.

The case was submitted on briefs to all the judges.

*R. W. Nason* & *T. W. Proctor,* (*J. J. Corbett* with them,) for the defendant.

*F. E. Hurd,* First Assistant District Attorney, for the Commonwealth.

HOLMES, J.    The only question argued in this case is whether a dance hall to which the public is admitted upon payment of a

small fee is a " public amusement," within the meaning of Pub. Sts. c. 102, §§ 115, 116, a question left open by *Commonwealth* v. *Gee*, 6 Cush. 174. The words quoted might be used so as to include dance halls, or they might be limited to entertainments where the entertainers offer the amusement and the public is passive.

The Rev. Sts. c. 58, §§ 1, 2, required a license for " theatrical exhibitions, public shows, and exhibitions of any description." Then St. 1849, c. 231, § 1, inserted the words " public amusements " between shows and exhibitions. This section was copied in Gen. Sts. c. 88, § 74, and in Pub. Sts. c. 102, § 115. The second section of the act of 1849, punished offering to view, maintaining, or promoting, etc., any such exhibition, show, or amusement without license, by a fine not exceeding five hundred dollars, and then the third section went on to impose a like fine on getting up or aiding in promoting any masked ball, or other public assembly at which the company wear masks, or other disguises, and to which admission is obtained upon payment of money, etc. This is now Pub. Sts. c. 102, § 118. The argument for the defendant seems at first sight to gain a good deal of force from the other words which accompany public amusements, and it may be said that, by expressly dealing with the case of masked assemblies, the statute excluded like gatherings not masked from its prohibitions. It may be added, as is suggested by the defendant's counsel, that later acts have dealt with music hall exhibitions at which lager beer is sold; St. 1858, c. 152; Gen. Sts. c. 88, § 76; Pub. Sts. c. 102, § 117; and have punished with the same fine, not exceeding five hundred dollars, maintaining without license a skating rink " to be used for the amusement of roller skating" for reward; St. 1885, c. 196; and have punished, with a fine not exceeding one hundred dollars, maintaining without license a grove to be used for picnics " or other lawful gatherings and amusements " for reward. St. 1885, c. 309. On the other hand, it is to be observed that § 3 of the act of 1849 absolutely prohibits the masked balls, etc. with which it deals, whether licensed or not, which is a sufficient reason for its insertion, and that, so far as later acts can affect the interpretation of an earlier one, the two statutes of 1885 both speak of the entertainments then dealt with as amuse-

ments.   But the consideration which most weighs with us is that it would be hard to imagine a public amusement offered by the entertainers which would not be included in the words " public shows, and exhibitions of any description," used in the Revised Statutes and contained in the act of 1849 and the Public Statutes with a slight verbal change.   In order to give any meaning to the two words inserted by the act of 1849, it is necessary to take them in a popular sense, and not to confine them to public amusements of the nature of shows or exhibitions.

*Exceptions overruled.*