COMMONWEALTH *vs.* LEO E. BOW & others.

Suffolk.   November 20, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A Merry-go-round maintained in an enclosure opening upon a public street, where music is furnished without charge but a charge is made for riding upon the "flying horses," is a public amusement requiring a license under Pub. Sts. c. 102, §§ 115, 116.

COMPLAINT, under Pub. Sts. c. 102, §§ 115, 116, charging the defendants with maintaining without a license a public amusement, to wit, a Merry-go-round, or Flying Horses, to which admission was obtained by the payment of money.

At the trial in the Superior Court, before *Hopkins*, J., it appeared, that the defendants maintained an amusement called a Merry-go-round, which was a circular platform, operated by electricity, upon which were fastened wooden horses ; music was furnished by a hurdy-gurdy operated by electricity.   The platform was situated in an enclosure to which the public had free access. The enclosure opened upon a public street, and many persons attended.   There was no charge for the entertainment furnished by the music, but a charge was made for riding upon the Flying Horses.   The entertainment was not given by a religious society or for a religious or charitable purpose.

Sections 115 and 116 of Pub. Sts. c. 102, are as follows:

" Sect. 115.   The mayor and aldermen of a city or the selectmen of a town may, except as provided in section nine of chapter forty-eight, license theatrical exhibitions, public shows, public amusements, and exhibitions of every description, to which admission is obtained upon payment of money or the delivery of any valuable thing, or by a ticket or voucher obtained for money or any valuable thing, upon such terms and conditions as they deem reasonable ; and they may revoke or suspend the same at their pleasure.

" Sect. 116.   Whoever offers to view, sets up, sets on foot, maintains, carries on, publishes, or otherwise assists in or promotes any such exhibition, show, or amusement, without such

license, shall be punished by a fine not exceeding five hundred dollars for each offence. This section, however, shall not apply to public entertainments by religious societies for a religious or charitable purpose."

The defendants asked the judge to instruct the jury that the evidence was insufficient to warrant the jury in returning a verdict of guilty. The judge refused to so rule.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*H. H. Pratt*, for the defendants.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

HOLMES, C. J. The Merry-go-round was a public amusement within Pub. Sts. c. 102, §§ 115, 116. The virtuous character of the enjoyment of those who were amused by it is not enough to make an exception to the general words of the statute. The defendants were active in the entertainment, which was decided not to be necessary in *Commonwealth* v. *Quinn*, 164 Mass. 11. The object was amusement only, not instruction, and so the defendants get no help from *Commonwealth* v. *Gee*, 6 Cush. 174. It is true that the number of persons who could ride the defendants' wooden horses at any one time was limited, but that is true of all amusements. The public was invited, and several, if not many, could be accommodated at once. There is nothing to show that the number was so small as to raise the question whether an amusement which could be enjoyed by people only one at a time is public if the public comes to and pays for it in such manner as the nature of the diversion permits.

*Exceptions overruled.*