# RICHARDS v. DAVISON.

MANDAMUS; LICENSES; MUNICIPAL CORPORATIONS.

1. Where the commissioners of the District of Columbia had statutory authority, after due notice and for cause, to terminate a license issued by the assessor to the proprietor of a dance hall, and they acted adversely to the licensee after a hearing at which evidence was adduced tending to show that he conducted a disorderly place, and of which hearing he had notice and at which he was present, this court, in a mandamus proceeding, will not review their finding of fact and determine whether or not they erred; but will merely determine whether there was sufficient evidence before them to warrant the exercise of their judgment and discretion, and, if there is nothing to show that they acted capriciously or arbitrarily, will not disturb their decision.

2. Where a hearing is ordered as a result of a protest against the issue of a dance hall license, and the assessor hears the evidence and reports it in full to the commissioners, who act, there is no delegation by them of their authority to the assessor. (Following *District of Columbia* v. *Weston,* 23 App. D. C. 363.)

3. Where the commissioners acted adversely to the applicant for a dance hall license after a hearing before the assessor, who heard the testimony and reported it in full to them, and at such hearing the applicant was present and made no objection to the shortness of the notice given him of the hearing, and he filed two briefs before the assessor, one before and one after the hearing, and made no request for a hearing before the commissioners, it is too late for him, in a mandamus proceeding to compel the assessor to issue him a license, to object that he did not have sufficient

---

NOTE.—On the question of requiring license for dance hall or place where dancing is taught, see notes in 27 L.R.A. (N.S.) 357; 51 L.R.A. (N.S.) 1009; and L.R.A.1917A, 1174.

notice of the hearing before the assessor and that he was entitled to a hearing before the commissioners.

4. The commissioners of the District of Columbia having the statutory right to terminate a dance hall license on notice and for cause, and having, after a hearing, refused to permit the renewal of such a license on the ground that the licensee had conducted a disorderly place, the assessor will not be compelled in a mandamus proceeding to issue such a renewal license on the theory that he had no discretion in the matter and it was his ministerial duty to issue a license when applied for.

5. Mandamus is not a writ of right, but must have·a substantial rather than an artificial basis, and it issues to remedy a wrong, and not to promote one. (Citing *Garfield* v. *Turner*, 31 App. D. C. 332, and *United States ex rel. Stevens* v. *Richards*, 33 App. D. C. 410.)

6. The Act of Congress of March 1, 1901 (31 Stat. at L. 1463) permitting the commissioners of the District of Columbia to terminate any license issued to the proprietor of a theater or other place of public amusement, whenever it shall appear to them that, after due notice, the licensee has failed to comply with such regulations as may be prescribed by the commissioners for public decency, was not repealed by the Revenue Act of July 1, 1902 (32 Stat. at L. 623, chap. 1352) making it illegal for any person to carry on any business for which a license tax is imposed, without first obtaining a license. (Citing *District of Columbia* v. *Lee*, 35 App. D. C. 341, and *United States ex rel. Early* v. *Richards*, 35 App. D. C. 540.)

7. A dance hall is a public place of amusement.

No. 2958.     Submitted October 4, 1916.     Decided November 14, 1916.

HEARING on an appeal by the respondent, the assessor of the District of Columbia, from a judgment of the Supreme Court of the District of Columbia directing the issuance of a writ of mandamus to compel him to issue a license to the relator.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment in the supreme court of the District in a mandamus proceeding directing the appellant, William P. Richards, as assessor of the District of Columbia, to issue a license to the appellee to conduct a dance hall in

this city. The hearing was upon petition, rule to show cause, and answer as amended.

In the petition it is alleged that appellee, Edward T. Davison, made due application for the renewal of his license, when he was informed that, a protest having been filed, the decision upon the question would be deferred, but that meanwhile he would be permitted to conduct his business; that subsequently he received a written notice from appellant that a public hearing would be held at a place named; that appellee "attended the proposed hearing, although after the receipt of said letter he had only about two days before the time of the hearing in which to make preparation therefor;" that no evidence of a prejudicial character was introduced concerning the conduct of such hall; and that subsequently he was advised that his license would not be renewed.

In the answer, as amended, it is alleged that at the hearing to which reference has been made, "the petitioner was present with counsel and produced witnesses in his own behalf." It is denied that no evidence of a prejudicial character was introduced affecting the conduct of said hall. On the contrary, it is averred that "there was direct and positive evidence to disclose * * * that the drinking of whisky was a common occurrence in the ladies dressing room in said dance hall, and that vile and immoral language was frequently used therein, and that girls and young women frequently became intoxicated in said dressing room, and appeared in that condition upon the dance floor of the hall; that said dance hall was frequented by women who were known prostitutes to the police and detectives of the city, and that they resorted to said hall for the purpose of plying their trade; * * * that there had been a number of arrests for intoxication of men coming out of said dance hall." Other averments as to the purport of the evidence we do not deem it necessary to notice. It is further averred that a stenographic record of this hearing was made, reduced to typewriting, and, with all the other papers in the case, forwarded to the commissioners of the District, pursuant to sec. 25 of the Police Regulations; that appellant and the

commissioners carefully considered the evidence, and that appellant's recommendation that the license be not renewed was approved by them.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellant:

1. The commissioners had ample statutory authority to act as they did in this case. See also *Conley* v. *Buffalo,* 119 N. Y. Supp. 88; *People ex rel. Schwab* v. *Grant,* 126 N. Y. 475; *People ex rel. Dorr* v. *Thacher,* 42 Hun, 351; *People ex rel. Cumiskey* v. *Wurster,* 14 N. Y. App. 559; *People ex rel. Worth* v. *Grant,* 58 Hun, 456; *St. Charles* v. *Hackman,* 133 Mo. 642.; *Pearson* v. *Seattle,* 14 Wash. 441; *Siddons* v. *Edmonston,* 42 App. 464, 31 L.R.A.(N.S.) 548; *Com.* v. *Kinskey,* 133 Mass. 578; *Ex parte Smith,* 38 Cal. 702; 3 McQuillin, Mun. Corp. secs. 894, 977, 1008; Tiedeman, sec. 122; 2 Abbott, Mun. Corp. secs. 127, 1322, 1325.

2. The commissioners may invest their subordinates as agents with the power of investigation, report, and recommendation of matters, the final decision of which rests with the commissioners. *Kerr* v. *Ross,* 5 App. 241; *McBride* v. *Ross,* 13 App. 576; *District of Columbia* v. *Weston,* 23 App. D. C. 363; *District of Columbia* v. *Lee,* 35 App. 341; *Early* v. *Richards,* 35 App. D. C. 540. The discretion of the commissioners in this case was not delegated to any subordinate officer, but was exercised by them directly, by formal action, after a full and impartial hearing had before one of their agents intrusted with that duty.

3. It was insisted in the court below, and seems to have been somewhat relied upon by the court, that the power of the assessor under this license law was purely ministerial, and that he was not vested with any discretion whatsoever; but it was his duty to issue a license whenever an application was made therefor. The court referred to *Bates* v. *Drake,* 30 App. 312, as controlling this case. This contention, however, was fully and clearly disposed of by this court in *District of Columbia* v. *Lee* and

*Early* v. *Richards,* cited above, this court pointing out in those cases that the statute was primarily a revenue statute and by its express terms saved whatever regulations the commissioners might have made under their police power.

4. Mandamus in this case, if it were proper to order one at all, should have issued against the commissioners as the officers vested with power, and not the assessor.

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman,* for the appellee, in their brief cited:

*United States* v. *MacFarland,* 28 App. D. C. 552; *Wilson* v. *District of Columbia,* 26 App. D. C. 110; *Lappin* v. *District of Columbia,* 24 App. D. C. 68; *Lockwood* v. *District of Columbia,* 24 App. D. C. 569; *District of Columbia* v. *Chapman,* 25 App. D. C. 95; *Drake* v. *Bates,* 30 App. D. C. 312; *Griffin,* v. *United States,* 30 App. D. C. 291; *MacFarland* v. *United States,* 18 App. D. C. 554; *Roberts* v. *Valentine,* 13 App. D. C. 38; *Morrill* v. *Jones,* 106 U. S. 466; *St. Louis* v. *Weitzell,* 130 Mo. 600; *People* v. *Perry,* 13 Barb. 206; *People* v. *Grant,* 58 Hun, 455.

Mr. Justice Robb delivered the opinion of the Court:

Paragraph 1 of sec. 7 of the Act of July 1, 1902 (32 Stat. at L. 623, chap. 1352), makes it illegal for any person to engage in or carry on any business, trade, profession, or calling in this District for which a license tax is imposed without first obtaining a license, and declares that "all licenses or transfers issued or granted shall be signed by the assessor and impressed with the seal of his office." It is conceded that dance halls come within the provisions of this act.

At the time of the passage of the above act there was in force in the District sec. 25 of art. 16 of the Police Regulations, reading as follows: "Permits to conduct dances or entertainments of any kind in halls or other places may be refused by the commissioners of the District of Columbia whenever

such places, from the character of the applicant or the nature of the surroundings, are likely to become the scene of disorder or other violation of law, or may be revoked at any time whenever such places become the scene of disorder, or other violation of law. Any person protesting, or the applicant or permittee, shall be entitled to a public hearing before the assessor, who shall ascertain and report the facts together with his advice thereon to the commissioners."

As authority for the promulgation of the above regulation, we are referred to the Act of March 1, 1901 (31 Stat. at L. 1463), which reads as follows: "Any license issued by the assessor of the District of Columbia to the proprietor of a theater or other public place of amusement in the District of Columbia may be terminated by the commissioners of the District of Columbia whenever it shall appear to them that, after due notice, the person holding such license shall have failed to comply with such regulations as may be prescribed by the said commissioners for the public decency."

Since, by the concluding paragraph of the license tax law of July 1, 1902, to which we have referred, there was expressly saved from repeal "any of the Police or Building Regulations of the District of Columbia regarding the establishment or conduct of the businesses, trades, professions, or callings" therein named, it becomes apparent that the above regulation remained in force.

It is clear, therefore, that the commissioners were authorized, after due notice and for cause, to "terminate" any license issued by the assessor to the proprietor of a theater or other public place of amusement, and that unless, in the exercise of their jurisdiction, the commissioners acted capriciously or arbitrarily, their decision may not be disturbed by the court. That there was evidence before the commissioners tending to show a violation of the provisions of the Police Regulation above set forth, we think equally clear. The question is not whether they erred in the determination of this question of fact, but, rather, whether there was sufficient evidence to warrant the exercise of their judgment and discretion. Since there was

such evidence, the responsibility is theirs and not ours. *United States ex rel. Ness* v. *Fisher*, 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356.

Some complaint is made by counsel for appellee as to the short notice of the hearing before the assessor, but the record fails to show that any objection was made at the time. On the contrary, it affirmatively appears that appellee, without protest, appeared at the hearing and introduced evidence.

There was no attempt on the part of the commissioners to delegate their authority to the assessor. He merely heard the evidence and reported it in full to them. *District of Columbia* v. *Weston*, 23 App. D. C. 363.

Assuming that appellee would have been entitled to a hearing at some stage before the commissioners, the record discloses no request therefor. It does appear from the report of the assessor to the commissioners, which accompanied the stenographic report of the evidence and which is incorporated in this record, that counsel for appellee filed two briefs with the assessor, "one before and the other after the hearing." It is not an unwarrantable assumption, therefore, that counsel were content to rest their case before the commissioners upon those briefs, which were transmitted with the evidence. Having failed to request a hearing before the commissioners, appellee cannot complain now that he did not have one. *Smith* v. *Hitchcock*, 226 U. S. 53, 60, 57 L. ed. 119, 123, 33 Sup. Ct. Rep. 6.

The point is made that there was no revocation by the commissioners of appellee's license because, before any action was taken, his license had terminated by law. The argument proceeds upon the theory that the Revenue Act and the Police Regulation are entirely separate and distinct, and hence that the assessor was without discretion in the matter; in other words, that upon the filing of the application in due form for a renewal license it became the ministerial duty of the assessor to issue it, and that had this been done the question for determination at the hearing inaugurated by the commissioners would have been confined to the period of time between the issuance of this license by the assessor and the hearing. To this ingenious

contention we cannot yield assent. Had the assessor accepted the license fee of appellee and issued the license in due course, the commissioners still would have had jurisdiction and authority to determine the kind of place maintained by the licensee, and in the determination of that question necessarily their inquiry would have covered a reasonable period of time, for it is not by a single isolated occurrence at a place of this kind that its reputation is made, but rather by a series of occurrences or course of conduct. It was most natural, therefore, when the renewal application was filed, that the commissioners should inquire whether there had been an abuse of the privileges granted; and, knowing that such an inquiry was to be made, it would have been an idle thing for the assessor to issue a license. He did not act arbitrarily, because he permitted the *status quo* to be maintained pending the hearing, which was all appellee could expect.

Even assuming that technically the assessor should have issued this license, it is clear, upon this record, that the result would have been the same. The appellee has had his hearing, and the tribunal charged with the determination of the question of fact involved has ruled against him, and that ruling, as we have said, is conclusive here. Having in mind, therefore, that mandamus is not a writ of right, that it must have a substantial rather than an artificial basis, and that it issues to remedy a wrong and not to promote one, the necessary conclusion is that appellee has no standing here. *Garfield* v. *United States,* 31 App. D. C. 332; *United States ex rel. Stevens* v. *Richards,* 33 App. D. C. 410; *United States ex rel. Turner* v. *Fisher,* 222 U. S. 204, 209, 56 L. ed. 165, 168, 32 Sup. Ct. Rep. 37.

The judgment must be reversed, with costs, and the cause remanded for further proceedings.

*Reversed and remanded.*

On December 2, 1916, an application for a rehearing was denied, Mr. Justice ROBB delivering the opinion of the Court:

Application for rehearing has been made on the ground that

sec. 25 of art. 16 of the Police Regulations set forth in the opinion was not promulgated until after the passage of said License Tax Act of July 1, 1902.

We were led to believe from an examination of the pleadings, to which we turn for information concerning municipal regulations (*District of Columbia* v. *Petty,* 37 App. D. C. 156, 161), that the regulation was in force at the time of the enactment of said Act of 1902. However, since counsel inform us that the actual date of its promulgation was February 26, 1914, we will proceed to determine whether that fact affects the conclusion reached.

As previously pointed out, when the Act of 1902 was passed the Act of March 1, 1901 (31 Stat. at L. 1463), conferring upon the commissioners authority to terminate the license of the proprietor of a theater or other *"public place of amusement"* in the District for failure to comply with such regulations as might be prescribed by the commissioners for the public decency, was in force. Paragraph 48 of said Act of 1902 saved from repeal "any of the police or building regulations of the District of Columbia regarding the establishment or conduct of the businesses, trades, professions or callings" named in the act. This was merely a recognition by Congress that a revenue measure was being passed, and hence that salutary police regulations should not be disturbed. It would be going far to rule that Congress intended to save from repeal a regulation passed under the authority of said Act of 1901, and yet intended to repeal the act itself. We think such a result was not contemplated. In other words, we find no inconsistency in the two acts. Under the Act of 1902 proprietors of theaters and other public places of amusement were required to pay a license fee, but in our view they still were subject to the provisions of the Act of 1901. *District of Columbia* v. *Lee,* 35 App. D. C. 341, 21 Ann. Cas. 973; *United States ex rel. Early* v. *Richards,* 35 App. D. C. 540. The object of one act is the raising of revenue, the object of the other the protection of public morals. A license issued under the revenue act confers a qualified, and not an absolute, right,—qualified in the

sense that the exercise of the privilege granted must be in conformity with regulations passed in virtue of the other act. We rule, therefore, that the police measure of 1901 continued in force after the passage of the Revenue Act of 1902. . .

When appellee applied for a license said sec. 25 of art. 16 of the Police Regulations was in force. It is not contended that a dance hall is not a public place of amusement, nor could it well be. *Com.* v. *Quinn,* 164 Mass. 11, 40 N. E. 1043; *Pearson* v. *Seattle,* 14 Wash. 438, 44 Pac. 884. In 2 C. J. 1331 the word is defined as "synonymous with diversion, entertainment, recreation, pastime, sport," and in the Act of 1902 the term is indiscriminately used. See paragraphs 20, 22, 25 and 26 of sec. 7 of that act.

It follows, therefore, that the conclusion reached was correct, and that the petition for rehearing must be denied.