GIOVANNI TRANFAGLIA & others *vs.* BUILDING COMMISSIONER OF WINCHESTER.

Middlesex.    March 8, 1940. — July 29, 1940.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Mandamus. Zoning. Superior Court,* Jurisdiction. *Municipal Corporations,* By-laws and ordinances. *Jurisdiction,* Zoning. *Equity Jurisdiction,* Appeal from decision of board of appeals, Zoning enforcement. *Winchester.*

Owners of land adjoining or in the immediate neighborhood of property to which a building permit issued by the building commissioner of the town of Winchester related, who were injuriously affected by the granting of the permit, had no right of appeal to the zoning board of appeals of the town under § 30 of G. L. (Ter. Ed.) c. 40, as appearing in St. 1933, c. 269, § 1: a provision in the town's zoning by-law purporting to give such a right of appeal, and action by the board in entertaining such an appeal and affirming the commissioner's action, were a nullity.

Where the board of appeals under a zoning by-law had no jurisdiction of a certain appeal purporting to be taken to it under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, but nevertheless heard and decided the matter, the Superior Court had no jurisdiction of an appeal in equity to it under said § 30 except to annul the action of the board as beyond its authority.

The Superior Court had no jurisdiction under § 30A, inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1, of a suit in equity seeking revocation of a building permit on the ground that it was in violation of a zoning by-law, where the suit was brought by an individual who would suffer only a private injury from action under the permit.

There being no other appropriate and effectual remedy, a landowner who would be privately injured by action under a permit granted by a building commissioner in alleged violation of a zoning by-law of a town was entitled to seek relief by a petition for a writ of mandamus.

A bowling alley was a "place of amusement" within the provisions of the zoning by-law of the town of Winchester permitting a "theater, hall, club . . . or other place of amusement" in a business district.

A zoning by-law of the town of Winchester did not forbid a use of property for a bowling alley in a business district which was objectionable only in that through noise it would diminish the rental value of neighboring residential property, although a provision thereof purported to forbid the use of buildings for "any purpose . . . harmful to property"; such provision was beyond the authority of G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1, and was void.

Zoning legislation such as §§ 25–30A, inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1, is not designed for the preservation of the economic value of property except in so far as that end is served by making the community a safe and healthy place in which to live. Per DOLAN, J.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on July 12, 1939.

The preliminary hearing of the case was by *Lummus*, J., and the hearing on the auditor's report by *Ronan*, J.

*A. T. Smith, Jr.*, for the petitioners.

*F. P. Hurley*, for the respondent.

DOLAN, J. This is a petition for a writ of mandamus to compel the revocation of a permit, issued by the respondent building commissioner of the town of Winchester to Salvatore Marchesi, for an excavation for the foundation of a building to be used as a bowling alley, and to revoke the permit for the erection of the building if it has been issued. Marchesi has been permitted to intervene as a party respondent. The ground for relief is alleged to be that the permit was issued in violation of the zoning by-law of the town.

A preliminary hearing was held before a single justice of this court who ruled in effect that there was no right of appeal by the petitioners (who are owners either of adjoining property or of property in the neighborhood) from the action of the building commissioner in granting the permit for the excavation, to the board of appeals of the town; that no remedy was afforded the petitioners under §§ 25–30A

of G. L. (Ter. Ed.) c. 40, as inserted therein by St. 1933, c. 269, § 1; and that this petition for mandamus lies and must be considered on its merits. The building commissioner excepted to this ruling. The case was then referred to an auditor. [1]

It is true that the extraordinary remedy of mandamus cannot be invoked where another appropriate and effectual remedy is available. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 355. *C. & H. Co.* v. *Building Commissioner of Medford,* 303 Mass. 499, 500. *Department of Public Utilities* v. *Trustees of New York, New Haven & Hartford Railroad,* 304 Mass. 664, 675. In the case at bar, however, we are of opinion that no other appropriate or effectual remedy is open to the petitioners.

Section 12B of the zoning law of the town provides that "Any adjoining owner . . . and any owner or lessee of land in the immediate neighborhood of property to which any permit issued by the commissioner relates, who is or may be injuriously affected by the granting of said permit because of danger from fire or to life, health or morals may appeal to said board of appeal . . . ." The petitioners in their brief concede that this provision goes beyond the authority conferred by statute. The commissioner in his answer admits that the town was not expressly authorized by statute to provide for appeals by adjoining owners or for hearing thereof by the board of appeals. The provision is void, as purporting to confer upon the board a greater jurisdiction than that conferred by § 30, which provides for no appeal from the action of the building commissioner to the board of appeals other than by one aggrieved by reason of his inability to obtain a permit from any administrative official under the provisions of §§ 25–30A inclusive. It follows that the petitioners had no remedy by appeal from the action of the commissioner in granting the permit to Marchesi. *Turner* v. *Board of Appeals of Milton,* 305 Mass. 189, 192. *Petros* v. *Superintendent of Buildings of Lynn, ante,* 368.

---

[1] The findings of fact by the auditor were to be final. — REPORTER.

In entertaining, hearing and deciding upon the merits of the appeal taken by the petitioners from the action of the commissioner granting the permit to Marchesi, and in affirming that action, the board was acting without jurisdiction of the subject matter, and hence its action was a nullity. Since it had no jurisdiction of that appeal the petitioners could obtain no remedy by their appeal to the Superior Court under § 30 alleging themselves to be persons aggrieved within that section.[1]  The Superior Court upon that appeal could not exercise any jurisdiction not possessed by the board, *Donnelly* v. *Montague*, 305 Mass. 14, 18, and cases cited, and therefore could only annul the action of the board as beyond its authority, thus leaving the action of the commissioner in granting the permit in full force and effect.

G. L. (Ter. Ed.) c. 40, §§ 25–30A, as inserted by St. 1933, c. 269, § 1 (see also St. 1935, c. 388), provides in § 30A as follows: "The superior court shall have jurisdiction in equity to enforce the provisions of sections twenty-five to thirty, inclusive [the zoning enabling act], and any ordinances or by-laws made thereunder, and may restrain by injunction violations thereof." The statutes governing the subject matter were first enacted by St. 1920, c. 601, wherein it was provided in § 6 that "The superior court shall have jurisdiction to enforce the provisions of this act, and may restrain by injunction any violation thereof." We perceive no material difference between the terms of that section and those contained now in G. L. (Ter. Ed.) c. 40, § 30A, as so inserted.

In *O'Brien* v. *Turner*, 255 Mass. 84, at page 86, it is said: "Jurisdiction in equity is provided by G. L. c. 40, § 28 [formerly St. 1920, c. 601, § 6] to enforce the provisions of zoning acts and to restrain violations thereof by injunction. This section does not purport to confer rights upon indi-

---

[1] The petitioners on July 20, 1939, filed in the Superior Court an appeal in equity under said § 30 from the decision of the board. Demurrers to the appeal were sustained and the appeal was dismissed by final decree. The petitioners' appeal to this court was dismissed by rescript without opinion. See *Tranfaglia* v. *Board of Appeals of Winchester, post,* 619. — REPORTER.

viduals suffering only a private injury to invoke equitable relief. It refers to that kind of equitable relief hitherto afforded under more or less similar statutes to boards of public officials, to municipalities and to others representing the public welfare." In other cases this court has heard and determined on the merits petitions for writs of mandamus brought by individuals suffering private injury to enforce the zoning laws. See *LaMontagne* v. *Kenney,* 288 Mass. 363; *Paul* v. *Selectmen of Scituate,* 301 Mass. 365, 370. *Petros* v. *Superintendent of Buildings of Lynn,* *ante,* 368. The ruling of the single justice was right and the exception taken thereto is overruled.

Material facts found by the auditor are these: On June 8, 1939, the building commissioner of the town issued a permit for the excavation for the foundation of a building to be erected on the land at number 66 Swanton Street, owned by the intervening respondent Marchesi, "in consequence of a license for a bowling alley having been granted by the board of selectmen . . . after a hearing . . . pursuant to" G. L. (Ter. Ed.) c. 140, § 177. The commissioner is about to issue a permit for the construction of a building on the premises to be used as a bowling alley.

The auditor found that the pertinent provisions of the zoning by-laws of the town involved are as follows: "Section 5. Business Districts. In the business districts, no new building . . . shall be constructed or used . . . for any purpose except: . . . B. . . . store, salesroom or showroom for the conduct of retail business, theater, hall, club . . . or other place of amusement or assembly . . . ." "Section 9. Restrictions Affecting all Districts. No new building or structure shall be constructed, or used . . . any other provision of this by-law to the contrary notwithstanding: A. For any purpose which by the emission or discharge of fumes, vapor, gas, dust, offensive odors, chemicals, poisonous fluids, or substances, refuse, organic matter, or excrement, the causing of noise or vibrations, or by unduly increasing the risk from fire or explosion, or otherwise would be injurious to the public health or safety. B. For any purpose, harmful to the public morals. C. For

any purpose which would be, for any reason injurious to the health, safety, morals, or welfare of the community in any of the districts designated in Section 1 or any adjacent district, or harmful to property therein."

The site of the proposed building at number 66 Swanton Street is in a business district which is about one hundred fifty feet deep on both sides of that street. In this business district are about sixty buildings, which are used for residence purposes, and about eleven which are used, in part at least, for such businesses as grocery stores, barber shops, bakery shops, meat markets and pool rooms, all of which are conducted mainly for the convenience of the people residing in this area. Adjoining the proposed bowling alley is a building used partly for business and partly for residential purposes. It is owned by Marchesi. "Practically" opposite "at the two corners of Florence Street on Swanton Street" are two stores, "one on each corner," and "on the two further corners of Holland Street on the same side as the proposed bowling alley . . . are . . . two stores" in buildings also used in part for residential purposes. The petitioner Tranfaglia owns property adjoining the Marchesi property. Tranfaglia's property consists of three buildings which are used for residential purposes only. Two of the three buildings extend partly into the general residence district in the rear. The site of the proposed building is ninety-one feet from the property across the street owned by the petitioner Dattilo. This property is used partly for business and partly for residential purposes. The site is also at distances ranging from thirty-two to ninety-one feet from other houses owned by Tranfaglia which are used for residential purposes. It is one hundred eighteen and five tenths feet from the houses upon the land owned by the petitioner Barbaro, and one hundred thirteen and five tenths feet from the house owned by the petitioners Michael and Maria Russo. There are to be four alleys in the proposed building for the use of both men and women. While there has been some increase in the number of businesses conducted in the area during the last fifteen or twenty years, the character of the neighborhood has re-

mained substantially a tenement district though zoned as a business district.

The "operation of the bowling alley because of the noise will have some detrimental effect only upon the immediately nearby property used for residence purposes . . . this would be particularly true of the Tranfaglia property and other properties within one hundred fifty feet from the proposed building. . . . the noise emanating from the operation of a bowling alley will lower only the fair rental value of the . . . nearby property above referred to which is used for residence purposes." The auditor further reported that he found it impossible to determine "the volume of noise which may be emitted from said bowling alley and to what extent it may or will disturb those residing within one hundred fifty feet from said bowling alley especially during their sleep." He did not find "that the operation of . . . [the] bowling alley will be injurious to the public health or safety, or will be harmful to the public morals or injurious to the health, safety, morals, or welfare of the community." He found that a bowling alley is a place of diversion or amusement and that those "congregated in bowling alleys are not necessarily disorderly or undesirable persons who will create disturbances."

The case came on for hearing upon the auditor's report, and the petitioners and respondent Marchesi submitted many requests for rulings. The single justice filed "Findings and Order for Judgment," in which he ruled that a bowling alley was a place of amusement within the meaning of section 5 of the zoning by-laws of the town and a use authorized by that section; and that the infliction of damages which will result in the diminution in the rentals of the various dwellings (including those owned by Tranfaglia) within the radius of one hundred fifty feet, — though the auditor was unable to determine the volume of noise that may be caused by the operation of the bowling alley and to what extent it will interfere with those living within one hundred fifty feet — is sufficient to constitute a violation of section 9 of the zoning by-laws; that the license granted by the selectmen for the establishment of the bowl-

ing alley under G. L. (Ter. Ed.) c. 140, § 177, is no defence
to a violation of the zoning by-laws; that the petitioners
are entitled to a writ commanding the building commis-
sioner to revoke the permit in question; and he ordered
that the writ issue.   He granted the respondent Marchesi's
requests for rulings numbered 6 to 9 inclusive, but denied
his requests for rulings numbered 1 to 5 inclusive.   The
petitioners excepted to the ruling of the single justice that
a bowling alley is a place of amusement and a use author-
ized by section 5 of the zoning by-law.

The petitioners contend that a bowling alley is not a
place of amusement within the meaning of section 5 of the
zoning by-law, conceding however that a bowling alley
would come within the broad meaning of a "place of amuse-
ment."   We think that the ruling of the single justice that
the proposed bowling alley was a place of amusement and
a use authorized under section 5 was right.   See *Common-
wealth* v. *Quinn*, 164 Mass. 11; *Commonwealth* v. *Bow*, 177
Mass. 347; *Whitcomb* v. *Vigeant*, 240 Mass. 359; *Jaffarian*
v. *Building Commissioner of Somerville*, 275 Mass. 267, 270;
*Jones* v. *Broadway Roller Rink Co.* 136 Wis. 595; *Radcliffe* v.
*Query*, 153 S. C. 76; *Young* v. *Trustees of Broadwater County
High School*, 90 Mont. 576; *Pearson* v. *Seattle*, 14 Wash. 438.

The respondent Marchesi excepted to the following rul-
ings made by the single justice: "(1) . . . that the in-
fliction of such damage (diminution of rentals) upon the
property is sufficient to constitute a violation of said sec-
tion 9.   (2) . . . that the license granted by the select-
men for the establishment and maintenance of a bowling
alley under G. L. (Ter. Ed.) c. 140, § 177, is no defence to
a violation of a zoning by-law; and (3) . . . that the
petitioners are entitled to a writ commanding the re-
spondent, Dinneen, to revoke the permit heretofore granted
by him for the excavations for foundations for a building
for a bowling alley and to refuse to issue any permit for
the construction of the aforesaid building and order for
the issuance of such a writ."   Exceptions were also taken
by Marchesi to the refusal of the judge to grant his re-
quests for rulings numbered 1 to 5 inclusive.

The findings of the auditor are not sufficient to support a conclusion that the operation of the bowling alley would be injurious to the health, safety, convenience, morals or welfare of the petitioners. As before recited, he stated precisely that he did not so find. He was unable to estimate the volume of noise that might be "emitted" from the bowling alley when in operation. His findings in this respect would not lead to a conclusion that it would be of such volume as to be injurious to the health of the petitioners. See *Tortorella* v. *H. Traiser & Co. Inc.* 284 Mass. 497, 501. His ultimate conclusion must be taken to be that the only harm he could find that might be sustained by the petitioners as a result of the uses to which the proposed building is to be put would be that of lowering the fair rental value of property within a distance of one hundred fifty feet from the proposed building. The petitioners concede in their brief that their "complaint . . . is the harm to their property."

G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1, provides that "for the purpose of promoting the health, safety, convenience, morals or welfare of its inhabitants, any city, except Boston, and any town, may by ordinance or by-law regulate and restrict the height, number of stories, and size of buildings and structures, the size and width of lots, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes." It is further provided in § 25 that "Such regulations and restrictions shall be designed among other purposes to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population . . . ."

Apart from the words "harmful to property," § 9 of the Winchester zoning by-laws is entirely consistent with the purposes set forth in the statute. The avowed purpose of zoning legislation is the protection of "the health, safety, convenience, morals or welfare" of the community. It is

not designed for the preservation of the economic value of property, except in so far as that end is served by making the community a safe and healthy place in which to live. It is upon the grounds that we have just referred to that zoning legislation has been held constitutional. *Opinion of the Justices,* 234 Mass. 597, 610-611. *Inspector of Buildings of Lowell* v. *Stoklosa,* 250 Mass. 52, 59. *Euclid* v. *Ambler Realty Co.* 272 U. S. 365, 386, 395. The provision in section 9 of the zoning by-laws forbidding uses described by the general term "harmful to property" is not authorized by the enabling act, is beyond its scope and is void.

It follows from what we have said that the exception of the respondent commissioner to the ruling that the present petition lies and the petitioners' exception to the ruling that "a bowling alley is a place of amusement and within a use authorized" by section 5 of the by-laws must be overruled; and that the respondent Marchesi's exceptions to the denial of his request for a ruling that, upon all the evidence, the petitioners are not entitled to have the writ issue, and to the ruling of the single justice that diminution in the rentals of the various dwellings within a radius of one hundred fifty feet from the proposed bowling alley is sufficient to constitute a violation of section 9, and to his order that the writ issue commanding the building commissioner to revoke the permit must be sustained; and that the order that the writ issue must be reversed and the petition dismissed.

*So ordered.*