The METEOR CORPORATION (a corporation), t/a The Room, Petitioner,

v.

DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.

No. 7487.

District of Columbia Court of Appeals.

Argued Dec. 13, 1973.

Decided March 4, 1974.

James F. O'Donnell, Washington, D.C., for petitioner.

James N. Dulcan, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before KELLY, NEBEKER and PAIR, Associate Judges.

PER CURIAM:

The Meteor Corporation, t/a The Room, petitions this court to review an order of the District of Columbia Alcoholic Beverage Control Board (the Board) suspending its retail Class "C" alcoholic beverage license for a period of fifteen days on the ground that, through its employees, it refused to allow members of the Metropolitan Police Department full opportunity to examine the premises during business hours in violation of A.B.C.Bd.Regs. § 3.-1, 3 D.C.R.R. 3.1.[1]

In summary, the relevant evidence at the hearing before the Board was that four police officers in casual clothes, looking for a person whom they thought might be in one of the bars on New York Avenue, attempted to enter The Room to see if he was there. The doorman refused to permit their entry unless each paid a $2.00 admission charge despite the fact that he was told more than once that they were police officers on official business and identification was displayed. The doorman admitted

---

1. Section 3.1 provides in pertinent part:

All . . . persons holding licenses under the [Alcoholic Beverage Control] Act, shall allow . . . any authorized member of the Metropolitan Police Department, full opportunity and every facility to examine, at any time during business hours, the premises where any beverage is . . . sold . . . for which a license . . . has been granted.

he had been told the men were police officers and he had, in turn, told them an admission charge had to be paid. He also stated he did admit them into the premises. The manager, who had been standing nearby and had seen the officers, one of whom he recognized, had departed the scene but was recalled by the officers. The police checked the liquor license for the premises and then departed, informing him that the incident would be reported. One officer testified that the manager acknowledged he was present when the doorman asked for the $2.00 and that he was aware that the officers were there on official business. The manager denied refusing the officers admission to the premises.

■ Petitioner first claims that the findings of the Board are not based upon substantial evidence. Even from an abbreviated recitation of the testimony, however, it is clear that there was sufficient evidence of record from which the Board could find that the police officers were required to pay an admission charge if they wished to enter the premises despite the display of identification and that the manager failed to intervene to provide the officers with full opportunity to examine the premises and complete their investigation. This being so, the court is not at liberty to disturb the Board's action. Schiffmann v. District of Columbia A.B.C. Bd., D.C.App., 302 A.2d 235 (1973).

■ Petitioner also complains, without citation of authority, that when compared with sanctions imposed in other cases before the Board the fifteen-day suspension imposed in this case fails to accord it the equal protection of the laws, equal justice, and due process. The suspension complained of is well within the scope of the Board's statutory authority and discretion under D.C.Code 1973, § 25–118, and we perceive no abuse of that discretion in this case. Cf. 2447 Good Hope Road, Inc. v. District of Columbia A.B.C. Bd., D.C.App., 295 A.2d 513 (1972).

Affirmed.