**Aubrey S. MUIR, et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.**

No. 81-2.

District of Columbia Court of Appeals.

Argued April 20, 1982.

Decided May 26, 1982.*

Martin S. Echter, Washington, D. C., for petitioners.

Diana M. Savit, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before KERN, NEBEKER and PRYOR, Associate Judges.

PER CURIAM:

Petitioners challenge the decision of the District of Columbia Alcoholic Beverage Control Board ("Board") denying their application for a retailer's license. Because we find substantial evidence to support the denial, we affirm.

On July 9, 1980, Aubrey and Jean Muir, petitioners herein, applied for a class B retailer's license to sell beer and light wines at their store, Petworth Variety Market, in a mixed residential and commercial area of Northwest Washington. Petitions containing 289 signatures opposing the grant of a license were submitted to the Board and the Board also received several written protests, including one from the Advisory Neighborhood Commissioner for the district in which the store is located. Petitions with 109 signatures supporting the application were also filed.

At the August 20, 1980 hearing on the application, Mr. Muir testified in favor of the license, and the ANC Commissioner, a 29-year resident of the neighborhood and the deacon of a neighborhood church, testified in opposition.

Following the hearing, the Board denied petitioners the requested license. In its Findings of Fact and Conclusions of Law entered on December 10, 1980, the Board examined the three major contentions of the protestants: that the license would have an adverse effect on the neighborhood, that the license would increase the amount of litter and the number of loiterers in the area, and that those residing or owning property in the neighborhood strongly op-

---

* The original disposition of this case was by Memorandum Opinion and Judgment. Respon-

dent's Motion for Publication was granted by the court.

posed the grant. The Board made findings based on evidence adduced at the hearing which were consistent with each of the protestant's concerns.[1] Thus, it concluded that the petitioners' premises do not qualify as appropriate for a retailer's license under D.C.Code 1981, § 25–115(a)(6), which requires that "the place for which the license is to be issued is an appropriate one considering the character of the premises, its surroundings, and the wishes of the persons residing or owning property in the neighborhood of the premises for which the license is desired."[2]

Petitioners challenge the specific findings upon which the Board premised this conclusion. Our review of the record persuades us that these findings are supported by substantial evidence. There are in operation in the area at the present time a number of retailers with liquor licenses. Testimony at the hearing revealed the deleterious effect that such business had produced in the neighborhood. The evidence also in-dicated that children from nearby schools now frequent the petitioners' store. This evidence, in our view, is sufficient to support findings that the grant of another license in the area will only contribute to the existing problems and that a problem of sale to minors is likely to arise.

Second, we note the hearing testimony regarding the existence of some trash in front of petitioners' store due to deliveries of soft drinks and conclude that there was substantial evidence supporting a finding that the license may result in an increase in the amount of trash in the area. Finally, we conclude that the testimony at hearing, the letters of protest, and the petitions support a finding of substantial neighborhood opposition to the license.[3]

■■■ This court may not disturb any action of the Alcoholic Beverage Control Board in the exercise of its statutory powers,[4] unless that action is plainly wrong or

---

1. The Board found the following with respect to each of the three concerns:

   FIRST—The fear of persons in the neighborhood, loiterers, panhandlers, alcoholics, other unfortuate derelicts, will gather around the proposed premises is not unreasonable. Based upon their years of experience involving the operation of liquor stores in their community and the subsequent fall out from such operation, it is reasonable for them to anticipate the same deleterious effect at the proposed premises. If the sale of certain products tends to cause or exacerbate such problems an Applicant, although having the legal right to sell such product, also has the responsibility to contain any adverse effect from such operation. The Board is not satisfied that Applicant can or will minimize any such harmful effect on this community. Also school children frequent the area in which premises 821 Upshur Street is located. The Board is not satisfied that Applicant will be able to control the sale of alcoholic beverages to underage youths.

   SECOND—Witnesses testified that debris and trash were found in front of Applicant's premises. There is insufficient evidence in the record as to Applicant's plans to deal with and control the additional litter that may come from issuance of the desired licenses and the Board is not satisfied that issuance of the desired license will not result in the increased amount of trash in the area.

   \*   \*   \*   \*   \*   \*

   THIRD—In addition to the persons who testified and those who appeared in opposition to the application, letters of protest included Marshall Funeral Home, Inc., and the Advisory Neighborhood Commission 4D.... There is overwhelming opposition to the granting of this license for the premises proposed.

2. The Board specifically found that petitioners met all other statutory requirements for grant of the license. *See* D.C.Code 1981, § 25–115(a)(1)–(5).

3. Petitioners argue that many of the individuals signing the petitions opposing the license do not reside or own property in the area, but are only members of churches near the store. Consequently, according to petitioners, their wishes may not be considered under D.C.Code 1981, § 25–115(a)(6). In light of the facts that petitioners acknowledge that approximately 46 of those signing the petitions are in fact residents or property owners, that testimony and letters of protest revealed the views of the neighborhood, and that the Board did not place undue emphasis on the petitions in its finding regarding neighborhood opposition, we cannot conclude that the presence of the signatures on the petitions in and of itself renders this finding invalid.

4. D.C.Code 1981, § 25–106(a) provides the following:

   The right, power, and jurisdiction to issue, transfer, revoke, and suspend all licenses un-

without the support of substantial evidence in the administrative record. *Spevak v. District of Columbia Alcoholic Beverage Control Board,* D.C.App., 407 A.2d 549 (1979); *Schiffman v. District of Columbia Alcoholic Beverage Control Board,* D.C. App., 302 A.2d 235 (1973); *see* D.C.Code 1981, § 1–1510(a)(3)(E). The Board's findings here regarding the nature of the neighborhood, the number of current liquor outlets near the petitioners' store, the potential effect on children of the grant of a license here, and the existence of neighborhood opposition are supported by substantial evidence.[5] It flows logically from these findings that the grant of an additional license would only exacerbate existing problems. Thus we are not free to disturb the Board's conclusion that the premises owned by petitioners are not appropriate for a retailer's license.

*Affirmed.*

der this chapter shall be vested solely in the [Alcoholic Beverage Control] Board, and the action of the Board on any question of fact shall be final and conclusive.

**5.** The mere existence of substantial evidence contrary to these findings does not allow us to substitute our judgment for that of the Board. *Spevak v. District of Columbia Alcoholic Beverage Control Board, supra.*