MARY R. JENKS & others *vs.* JACOB L. WILLIAMS & another.

Suffolk. March 19, 20. — June 18, 1874. AMES & DEVENS, JJ., absent

The St. of 1799, *c.* 31, § 5, and the ordinance of the city of Boston of 1850, imposing penalties for making and maintaining bow-windows or other projections into the streets of Boston, are intended for the benefit of the public, and do not confer distinct rights on individual citizens or owners of property.

In the absence of any grant or agreement, the interference with the prospect from an estate, or the general diminution of its value, by the building on an adjoining estate of a bow-window, affords no ground for the interposition of a court of equity for the relief of the person so injured, unless the act complained of amounts to a nuisance.

BILL IN EQUITY against Jacob L. Williams, the occupant of a house on Mount Vernon Street, in Boston, adjoining a house in said street, owned by the plaintiffs, alleging that the defendant was about to construct a bow-window upon the front of his house, projecting before said front more than one foot, in violation of the St. of 1799, *c.* 31, § 5,* and the ordinances of the city of Boston

* The St. of 1799, *c.* 31, § 5, provides that: "No person shall in future make, erect or have any portico or porch, any bow-window, or other window,

of 1850 ; * that said bow-window would obstruct the view from the windows of the plaintiff's house, and would diminish the light and air entering the same : and praying for an injunction to restrain the defendant from constructing the bow-window.

Before the case came to a hearing, the defendant completed the window, and the bill was amended by making Moses Williams, the owner of the building, a party. The amended bill alleged the completion of the window, that the view from the plaintiffs' windows was thereby obstructed, and the value of their house diminished, and prayed for an injunction to restrain the defendants from continuing the bow-window in front of their house, and that the defendants might be ordered to pull down and remove said window and every part of it which projected into the street beyond the front of their house.

The defendants demurred, and the case was reserved by *Devens*, J., on the amended bill and demurrers for the consideration of the full court.

*J. L. Thorndike*, for the plaintiffs.

*O. W. Holmes, Jr., & W. A. Munroe*, for the defendants.

GRAY, C. J. The St. of 1799, *c.* 31, § 5, and the city ordinance of 1850, imposing penalties for making and maintaining bow-windows or other projections into the streets of Boston, are manifestly intended for the benefit of the public, and not to confer distinct rights on individual citizens or owners of property. The plaintiffs do not allege that they have any easement or right of light and air across the front of the defendant's house, and could not have, except by grant or agreement intended for their benefit.

---

which shall project into the streets of the said town of Boston, more than one foot beyond the front of his or her house : . . . . and if any person shall hereafter offend against this provision, every person so offending, shall forfeit and pay the sum of one dollar for each and every day such portico or porch, bow-window or other window shall be continued, after notice given to him by the surveyors of highways, or by any person by them authorized to that purpose."

* The ordinance of 1850 provides that " no person shall construct or place, or cause to be constructed or placed, any portico, porch, door, window, or step, projecting into any street, under a penalty of not less than four nor more than fifty dollars for each offence, and a like penalty for every day that the said portico, porch, door, window or step may be continued as aforesaid, after notice to remove the same from the board of aldermen, or some person authorized by them."

*Keats* v. *Hugo, ante,* 204. *Paine* v. *Boston,* 4 Allen, 168. *Jewell* v. *Lee,* 14 Allen, 145. In the absence of any such grant or agreement, neither the interference with the plaintiffs' prospect, nor the general diminution of the value of their estate, by the building of the window, affords any ground for the interposition of a court of equity, unless it amounts to a nuisance, which cannot be seriously predicated of the injury alleged in the bill. *Attorney General* v. *Doughty,* 2· Ves. Sen. 453. *Squire* v. *Campbell,* 1 Myl. & Cr. 459. *Jackson* v. *Newcastle,* 3 De G., J. & S. 275. *Butt* v. *Imperial Gas Co.* L. R. 2 Ch. 158. The demurrer must therefore be sustained, and the *Bill dismissed, with costs.*