## WILLIAM HAGERTY *vs.* OWEN McGOVERN.

Suffolk.    December 2, 1904. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Nuisance.    Equity Jurisdiction.*

The owner of a house and lot on a city street cannot maintain a bill in equity against the owner of the adjoining lot to prevent his building the wooden wall of a house within three feet of the boundary line in violation of a city ordinance.

BILL IN EQUITY, filed November 25, 1901, and amended March 10, 1902, by the owner of a house and lot numbered 42 on Francis Street in Boston to restrain the owner of the adjacent lot, No. 40 Francis Street, from building a house on it with a wooden wall within three feet of the boundary line between the lots of the plaintiff and the defendant.

The ordinance referred to is as follows, Revised Ordinances of Boston, c. 45, § 34: "Every such wooden building hereafter erected or altered to be used as a dwelling house, shall not be more than forty-five feet in height above the highest street level of the principal front, nor shall any external wall thereof, unless made of brick at least twelve inches thick carried twelve inches above the roof and covered with metallic covering, or with the roof laid and embedded in mortar on such wall, be nearer than three feet to the line of any adjoining lot."

The defendant demurred to the bill as amended. In the Superior Court *Bishop*, J. made a decree sustaining the demurrer and dismissing the bill. The plaintiff appealed.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the plaintiff.

*J. F. Sweeney,* for the defendant.

BARKER, J. The wooden side wall of the defendant's house had no greater tendency to cause a lack of air or light at the plaintiff's premises, or to confine upon them or to in any way cause there noxious odors and disturbing noises than a wall of brick or stone which the defendant lawfully might have put where he did put the wooden wall. The wooden wall would be less of a protection in case of fire, and even might be a source of danger in that respect. But the use of land for building is one of the in-

cidents of ownership. The erection upon it of structures which in themselves are not noxious or unusually dangerous is not a use in violation of the private rights of an adjoining owner, even if in some degree the enjoyment of the adjacent land is made less complete or beneficial than if the land were bare. The breach of the ordinance by the defendant is not an invasion of the plaintiff's private right. All the injurious results of the erection of the defendant's building come not from his violation of the ordinance, but from the use of his land for building. The plaintiff shows no peculiar damage due to the breach of the ordinance, and no right to have private relief because of its violation. See *Jenks* v. *Williams,* 115 Mass. 217.

*Decree affirmed.*