ELBRIDGE G. KELLEY & others *vs.* BOARD OF HEALTH OF PEABODY & others.

Essex.   November 28, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To compel observance of municipal by-law or ordinance. *Municipal Corporations,* By-laws and ordinances. *Peabody.*

Ten taxable inhabitants of the city of Peabody cannot maintain a bill in equity to restrain the municipal board of health and plumbing inspector from permitting two corporations to lay, maintain and use a certain tile drain in alleged violation of a municipal ordinance or by-law, and to restrain the corporations from such conduct.

*It seems* that, if the owner of a building and a contractor are about to violate an ordinance or by-law of a city while the municipal board of health and plumbing inspector stand by, inactive and giving countenance to the intended unlawful act, any citizen may prefer a claim to the mayor as chief executive officer of the city, and, in the event of a failure of such officer to act in the name of the city, may proceed by petition for writ of mandamus, or by an information by the Attorney General at his relation, to require action in accordance with the municipal ordinance or by-law.

BILL IN EQUITY, filed in the Superior Court on October 16, 1923, and afterwards amended, by eleven taxable inhabitants of the city of Peabody, seeking an injunction restraining E. H. Porter Company and Greiss-Pflegler Company from

laying, maintaining and using a certain tile drain described in the opinion, and the respondents, the board of health and the plumbing inspector of the city, from permitting such conduct of the two corporations.

Material allegations in the bill are described in the opinion. The defendants demurred to the bill. The demurrers were heard by *Hammond*, J., who ordered the entry of an interlocutory decree overruling the demurrers and reported the suit to this court for determination, being of the opinion that his ruling so affected the merits of the controversy that such report should be made before further proceedings.

The case was submitted on briefs.

*S. H. Donnell, E. B. O'Brien & C. J. Powell,* for the petitioners.

*H. P. Farnham, M. L. Sullivan & J. J. Ronan,* for the respondents.

PIERCE, J. This is a bill in equity brought by eleven taxable inhabitants of the city of Peabody against the members of the board of health of that city, the inspector of plumbing of said city, the Greiss-Pflegler Company and the E. H. Porter Company, to restrain the E. H. Porter Company and the Greiss-Pflegler Company from laying, maintaining or using a tile drain for the discharge and disposal of the waste and sewage from the buildings now being erected for use as a beam house and factory on Howley Street, in said Peabody, by the E. H. Porter Company for the Greiss-Pflegler Company, in violation of the ordinances of the city of Peabody; also to restrain the said board of health from permitting the laying, maintaining and use of said tile drain contrary to the ordinances of the city of Peabody; and to restrain the said inspector of plumbing from permitting the laying, maintaining or use of said tile drain contrary to the ordinances of the city of Peabody.

The bill alleges the legal existence of certain plumbing by-laws and regulations, adopted in the year 1906 by the town of Peabody, which were continued in force and are in effect as ordinances of the city of Peabody by virtue of Spec. St. 1916, c. 300. Sections 3 and 4 of this ordinance are annexed by reference to the bill of complaint; § 4 contains

the provision, " Drains and soil pipes through which waste water and sewage is used and carried, shall be of iron when placed within a building and for a distance of not less than five feet outside of the foundation walls thereof."

The bill further alleges that the board of health, at a meeting held October 15, 1923, voted to authorize the use of a tile drain connecting with the sewer for the disposal of sewage within the buildings now being erected by the E. H. Porter Company for the Greiss-Pflegler Company, contrary to the ordinance of the city of Peabody, and that by such vote the health, safety and welfare of the inhabitants of Peabody are endangered; that said vote was not a general regulation, applicable to all persons alike, but was passed in order to permit the Greiss-Pflegler Company and the E. H. Porter Company to reduce the expense incidental to the installation of iron pipe, as is required by the existing plumbing regulation; that the vote so passed was unreasonable and arbitrary, in that it gives one particular property owner, in whose favor it was passed, an advantage in lower costs of construction than that permitted to be enjoyed by any other property owner in the city of Peabody, and in addition permits that property owner to use a grade of pipe which is inferior to that required by the plumbing regulations of the city of Peabody, thus endangering the health, safety and welfare of the inhabitants of the city of Peabody. The bill further alleges that the taxpayers bring this bill because of the fact that the board of health and inspector of plumbing are officials of the city, empowered to act to prevent such violations as are here complained of, and that no other remedy is available except by this petition.

The defendants severally demurred to the bill of complaint as amended, and assigned as reasons thereof:

" 1. Because the plaintiffs have not stated in their bill such a cause as entitles them to any relief in equity against this defendant.

" 2. Because it does not appear from the allegations contained in said bill that the plaintiffs have any right, title or interest in and to the subject matter described in said bill sufficient to enable them to maintain their bill of complaint.

" 3. Because the city of Peabody is a necessary party and should be joined.

" 4. Because it does not appear in said bill of complaint that this defendant has violated any law or ordinance of the city of Peabody.

" 5. Because it does not appear from the allegations contained in said bill that this defendant intends to violate any law or ordinance of the city of Peabody.

" 6. Because the plaintiffs have a plain, adequate and complete remedy at law."

The trial judge ordered an interlocutory decree to be entered overruling the demurrers; and, being of opinion that this order so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, reported the ruling for such determination.

The demurrers should have been sustained. No statute of the Commonwealth in terms confers or has conferred jurisdiction upon the Supreme Judicial Court or upon the Superior Court to entertain a petition by ten taxable inhabitants of a town or city, or by any number of taxable inhabitants of a town or city, to restrain the violation or to compel the observance of a by-law or ordinance of such town or city. And equity ordinarily does not take jurisdiction to prevent the commission of crime which does not involve injury to property. " The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property "; the court has " no jurisdiction over the prosecution, the punishment or the pardon of crimes or misdemeanors." And this doctrine has been " strictly and uniformly upheld, and has been applied alike whether the prosecutions or arrests sought to be restrained arose under statutes of the State, or under municipal ordinances." *In re Sawyer*, 124 U. S. 200, 210. *Ex parte Young*, 209 U. S. 123, 162. *Terrace* v. *Thompson*, 263 U. S. 197. *Packard* v. *Banton*, 264 U. S. 140. *Shuman* v. *Gilbert*, 229 Mass. 225. *Choate* v. *Logan*, 240 Mass. 131.

It is too plain for discussion that the provisions of G. L. c. 40, § 53, which confer jurisdiction upon the Supreme Judicial Court and the Superior Court to restrain a town

or city from the illegal and unconstitutional expenditure of money, cannot be invoked to support a claim of jurisdiction in these courts to enjoin a violation of an ordinance or by-law, upon petition of ten taxable inhabitants.   *Hale* v. *Cushman,* 6 Met. 425, 431.   *Carlton* v. *Salem,* 103 Mass. 141.   *Baldwin* v. *Wilbraham,* 140 Mass. 459.   *Steele* v. *Municipal Signal Co.* 160 Mass. 36.   Ten taxable inhabitants have the same rights in equity and no greater aggregate rights than any individual taxable inhabitant has to compel in equity obedience to the municipal law.   The individual citizen as such has no standing in equity to compel the observance of an ordinance unless his property or his property rights are to be directly impaired by the violation of such ordinance. *Hagerty* v. *McGovern,* 187 Mass. 479, 480.   *O'Keefe* v. *Sheehan,* 235 Mass. 390, 398.   *Truax* v. *Raich,* 239 U. S. 33, 38.   In the case at bar no property rights of the plaintiff's or of any one of them are alleged to be harmed or jeopardized by the threatened violation of the ordinance.   It is manifest that the by-law and ordinance are binding upon the board of health, the inspector of plumbing, and upon all the inhabitants and all persons within the limits of the city of Peabody; and that the vote of the board of health is void in so far as it attempts to authorize a violation of the ordinance.   G. L. c. 40, § 21.   *Commonwealth* v. *Worcester,* 3 Pick. 462, 473.   *Boyd* v. *Ellison, post,* 250.

The case presented is one where the owner of the building and the contractor are about to violate the ordinance, while the board of health and the inspector of plumbing stand by inactive, giving countenance to the intended unlawful act. In this attitude of the board of health and the inspector of plumbing, any citizen may prefer a complaint to the mayor, as the chief executive officer of the city; and upon the failure of such officer to act in the name of the city, may himself proceed by petition for a writ of mandamus, or for a mandamus by the information of the Attorney General.   *Attorney General* v. *Boston,* 123 Mass. 460, 471.   If there has been an actual violation in fact of the ordinance, any citizen may prefer a complaint to the district court or to the grand jury. G. L. c. 142, § 16.   G. L. c. 40, § 21.

*Demurrers sustained.*