MARGARET A. O'BRIEN *vs.* MARY C. TURNER.

Norfolk.     December 8, 1925. — February 26, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To restrain violation of zoning by-law.   *Nuisance.*

A suit in equity, to enjoin a violation of a zoning by-law of a town, restricting the use of a certain district to residential purposes, by the erection on the part of the defendant in such a district of a building to be used for stores, cannot be maintained by the owner of a lot of land occupied as a private residence and in the immediate vicinity of the defendant's lot, where the only allegations in the bill showing injury to the plaintiff are that the defendant's contemplated action would "directly affect the plaintiff's property and invade and seriously impair and jeopardize the plaintiff's property rights . . . would tend to change the character of the neighborhood . . . would tend to render the plaintiff's premises less desirable for residential purposes and would seriously affect and diminish its value, and otherwise cause the plaintiff irreparable loss and damage."

BILL IN EQUITY, filed in the Superior Court on May 19, 1925, to enjoin an alleged violation of a zoning by-law of Milton.

The third paragraph of the bill, which contained all allegations therein relative to injury alleged to be about to result from the defendant's contemplated violation of the by-law, was as follows: "The said District A in the town of Milton is a residential section of extraordinary homes, inhabited by people of culture and refinement, and the said illegal action of the defendant would be detrimental to the use of the

property in said District A, and, in particular, directly affect the plaintiff's property and invade and seriously impair and jeopardize the plaintiff's property rights, in that the existence and maintenance by the defendant of a structure upon the defendant's premises for the purposes contemplated would tend to change the character of the neighborhood, and the contemplated use and occupancy of the same for commercial purposes by the defendant or her tenants would tend to render the plaintiff's premises less desirable for residential purposes and would seriously affect and diminish its value, and otherwise cause the plaintiff irreparable loss and damage. That the same is in violation of law and of the rights of the plaintiff in the premises."

Other material allegations of the bill are described in the opinion. The defendant demurred. The demurrer was heard by *Hammond,* J., by whose order there was entered a final decree dismissing the bill. The plaintiff appealed.

*F. H. Stewart,* for the plaintiff.

*F. Rackemann,* for the defendant.

RUGG, C.J.   This is a suit in equity.   It comes before us on appeal by the plaintiff from a final decree dismissing the bill entered after an order sustaining a demurrer to the bill. The allegations of the bill in brief are that the plaintiff is the owner of a lot of land in Milton on which is a building occupied as a private residence; that the defendant is owner of land in the immediate vicinity, both parcels being within a zoning district established by law restricted to residence purposes; that without lawful authority and contrary to the provisions of the zoning by-law of Milton the defendant is erecting upon her land a building with the avowed purpose of using the same for stores, and that such erection and use would seriously impair the value of the plaintiff's property.

The zoning by-law of Milton was duly established in accordance with G. L. c. 40, §§ 25–30.   It imposes important and valid restrictions upon the use of land in that town. *Spector* v. *Building Inspector of Milton,* 250 Mass. 63.

The plaintiff does not by her bill show such private injury as authorizes her to maintain a suit in equity in her own name for injunctive relief.   It cannot be seriously contended

that the erection of stores constitutes a nuisance apart from the by-law. *Goldstein* v. *Conner*, 212 Mass. 57. *Kilgour* v. *Gratto*, 224 Mass. 78. *General Baking Co.* v. *Street Commissioners*, 242 Mass. 194. The case is covered by the authority of numerous decisions, from which it is indistinguishable. *Jenks* v. *Williams*, 115 Mass. 217. *Hagerty* v. *McGovern*, 187 Mass. 479. *Rudnick* v. *Murphy*, 213 Mass. 470, 471. *O'Keefe* v. *Sheehan*, 235 Mass. 390. In view of our own decisions we cannot follow *Holzbauer* v. *Ritter*, 184 Wis. 35, 39. The case of *Wright* v. *Lyons*, 224 Mass. 167, is distinguishable because there the proposed construction might have been found to be a private nuisance at common law, and because the interest of an adjacent landowner was there recognized by the statutory requirement for special notice.

Jurisdiction in equity is provided by G. L. c. 40, § 28, to enforce the provisions of zoning acts and to restrain violations thereof by injunction. This section does not purport to confer rights upon individuals suffering only a private injury to invoke equitable relief. It refers to that kind of equitable relief hitherto afforded under more or less similar statutes to boards of public officials, to municipalities and to others representing the public welfare. See *Board of Survey of Lexington* v. *Suburban Land Co.* 235 Mass. 108, 113, and statutes and cases there cited.

Although no copy of the by-law is annexed to the record, it seems probable that it contains some provision imposing upon a public officer or officers the duty of enforcing its provisions. Even if there be no such specific provision, doubtless the duty of such enforcement rests upon some public official. *Watertown* v. *Mayo*, 109 Mass. 315, 320. *Salem* v. *Maynes*, 123 Mass. 372. *Board of Health of Worcester* v. *Tupper*, 210 Mass. 378, 383, and cases cited.

The remedies open to a private individual for breach of duty by a public officer are suggested in *Kelley* v. *Board of Health of Peabody*, 248 Mass. 165, 169. *Cox* v. *Segee*, 206 Mass. 380, 381. *Attorney General* v. *Suffolk County Apportionment Commissioners*, 224 Mass. 598, 609–611.

*Decree affirmed.*