HARRY D. HULL *vs.* TOWN OF BELMONT & another.

Middlesex.    March 5, 1941. — May 29, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Equity Jurisdiction*, Zoning.  *Zoning*.  *Jurisdiction*, Zoning.  *Supreme Judicial Court*, Jurisdiction.

The Supreme Judicial Court for a county, under the statutes as existing in 1939, had no jurisdiction of a suit in equity against a town in substance seeking to have a zoning by-law of the defendant declared void as to the plaintiff's land and that he be permitted to erect on his land a building which did not comply with its requirements.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on April 17, 1939.

Upon transfer to the Superior Court, the suit was heard by *Forte, J.*

*J. F. Daly,* for the plaintiff, submitted a brief.

*Amos L. Taylor,* town counsel, (*J. W. Flett & A. Leavitt Taylor* with him,) for the defendants.

Cox, J. This is a bill in equity filed in the Supreme Judicial Court for the county of Middlesex on April 17, 1939. By order of the single justice, it was transferred to the Superior Court for said county on August 2, 1939, for final disposition. See G. L. (Ter. Ed.) c. 214, § 32. There the suit was referred to a master, whose report was confirmed by interlocutory decree, and the plaintiff appealed from a final decree dismissing the bill.

The bill alleges, in substance, that the plaintiff is the owner of a tract of land in the defendant town, a partial description of which is that it is "shown on a 'Plan of Land in Belmont, Mass.' dated February 18, 1938"; that said tract was placed in the "General residential districts" under zoning by-laws adopted on January 19, 1925; that in March, 1938, the plaintiff filed a petition with the board of appeals of said town "to vary said ordinances to give him the relief here prayed for"; that this petition was denied on April 4, 1939; that on said date he filed with the inspector of buildings of said town an application to construct a restaurant on his land, which the inspector refused to consider "as the land referred to is not zoned for business purposes"; and that "Your plaintiff thereupon within fifteen days from the refusal of either the town to vary said ordinances and later the refusal of the inspector of buildings to consider his application for a permit filed this bill." There are further allegations as to the unsuitableness of the land in question for residential purposes; that the defendants are acting toward the plaintiff "and his land" in an arbitrary manner and have not accorded him such a judicial consideration as they are able to give; and that the scheme for zoning is unreasonable and capricious. It is also alleged that he has been offered a contract for the use of his land for

restaurant purposes, which would be of value to him; that the by-laws, in so far as they deprive him of the right to build a restaurant, are "compelling" to the conclusion that they have no foundation in reason and are violative of the rights secured to him by the Constitution of this Commonwealth and by the Fourteenth Amendment to the Constitution of the United States. The bill prays for a mandatory injunction directing the town and the inspector of buildings, who is a defendant, to consider and pass upon any application of the plaintiff for a permit to erect the restaurant "as if said ordinance had not been enacted"; that a mandatory injunction issue directing the town to permit him to erect any lawful building upon his land "disregarding the provisions of said alleged ordinance"; that said ordinance, if held to be legally enacted, be held to be invalid in its specific application to the plaintiff's land; and for such further relief as justice may require. The defendants' answer alleges, among other things, that the plaintiff has a complete and adequate remedy at law under "General Laws, Chapter 40, Section 25–30B"; that the remedies therein contained are exclusive, superseding all other provisions of law; that there is no provision for such remedy as the plaintiff seeks; that he has a plain, complete and adequate remedy at law in addition to the remedy provided by said c. 40, especially by petition for writ of mandamus or certiorari, or other similar action; and that he has not stated any case entitling him to relief in equity, or any relief "in this action."

The defendants contend that they are entitled to a determination of the questions raised by the special matter contained in their answer, apart from any consideration of the merits. We are of opinion that the questions are open. See *Beauregard* v. *Dailey*, 294 Mass. 315, 326. Furthermore, the question is presented whether this court has original jurisdiction of the subject matter of the bill. It is a familiar rule that it is the duty of an appellate court to consider this question upon its own motion, and that the question of jurisdiction can be raised by the parties at any stage of the proceedings. *Assessors of Boston* v. *Suf-*

*folk Law School*, 295 Mass. 489, 495, and cases cited. The trial judge filed no report of any findings of fact and did not disclose any reasons for the entry of the final decree dismissing the bill. The defendants contend that there was no waiver of the special matter contained in the answer. The plaintiff contends that the bill and prayers for relief follow the practice in *Nectow* v. *Cambridge*, 260 Mass. 441.

G. L. (Ter. Ed.) c. 40 was amended by St. 1933, c. 269, § 1, by striking out §§ 25–30A, inclusive, and inserting other sections in their place. Section 30, as inserted, provided that municipal zoning ordinances or by-laws shall provide for a board of appeals which shall, among other things, have the power to hear and decide appeals where it is alleged by the applicant for a permit that there is error in any order or decision made by an administrative official in the enforcement of §§ 25–30A, inclusive. Said § 30 was further amended by St. 1935, c. 388, §§ 1, 2, so as to provide that the board of appeals shall fix a reasonable time for the hearing of any appeal or other matter referred to it, "or any petition for a variance," and that it might authorize upon appeal, "or upon petition in cases where a particular use is sought for which no permit is required," with respect to a particular parcel of land, a variance from the terms of such an ordinance or by-law under conditions therein specified. Section 29 as inserted by said c. 269 provides, among other things, that the inspector of buildings "shall withhold a permit for the construction or alteration" of any building that would be in violation of the ordinances. Section 30 as inserted by said chapter further provides that appeals to the board of appeals may be taken by any person aggrieved by reason of his "inability" to obtain a permit from any administrative official under the provisions of §§ 25–30A, inclusive. Prior to the adoption of the foregoing amendments, § 27A of said c. 40 provided that a board of appeals might vary the application of any by-law or ordinance under certain conditions, and that any person aggrieved by a decision of the board might, within fifteen days after the entry of such decision, bring a petition in the Supreme Judicial Court for a writ of certiorari

to correct errors of law therein. This provision as to certiorari does not appear in the sections inserted by said c. 269, § 30 of which provides as follows: "Any person aggrieved by a decision of the board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is filed in said court within fifteen days after such decision is recorded. It shall hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases. . . . All issues in any proceeding under this section shall have precedence over all other civil actions and proceedings."

The case of *Nectow* v. *Cambridge*, 260 Mass. 441, upon which the plaintiff relies, was a bill in equity seeking to have a zoning ordinance of the defendant city declared null and void, and the defendant inspector of buildings ordered to issue a permit to the plaintiff "to erect any lawful building upon . . . [the plaintiff's land], disregarding the provisions of said alleged ordinance." The case was referred to a master and was considered on its merits. See *Nectow* v. *Cambridge*, 277 U. S. 183. The case of *Nelson* v. *Belmont*, 274 Mass. 35, was a bill in equity to restrain the enforcement of an alleged amendment to a zoning by-law of the defendant town so long as it affected land owned by the plaintiff. The defendant answered to the merits, the case was referred to a master, and a decree was entered granting the plaintiff relief. The case of *Knowlton* v. *Swampscott*, 280 Mass. 69, decided in 1932, was a bill in equity in which the plaintiffs sought a mandatory injunction ordering the defendant to permit the plaintiffs, or their grantees, to erect any lawful building upon their land "disregarding the provisions of said zoning by-law," and that the "zoning by-law be held to be invalid in its specific application to the plaintiffs' land." In that case reference

was made to the provisions of said § 27A, hereinbefore referred to, and especially to the provision that any person aggrieved by a decision of the board of appeals may bring a petition in the Supreme Judicial Court for a writ of certiorari to correct errors of law therein. It was held that the demurrer was rightly sustained on the ground that the plaintiffs had a plain, adequate and complete remedy at law, and it was pointed out that in *Nectow* v. *Cambridge*, 260 Mass. 441, and in *Nelson* v. *Belmont*, 274 Mass. 35, no question was raised as to relief in equity. In *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, it was said that, before the enactment of St. 1933, c. 269, the only remedy for a party aggrieved by a decision of the board of appeals was by writ of certiorari, and that now the procedure is that, except in Boston, there may be an appeal to the Superior Court. (Page 227.) See *Turner* v. *Board of Appeals of Milton*, 305 Mass. 189, 192; *Petros* v. *Superintendent of Buildings of Lynn*, 306 Mass. 368, 369; *Tranfaglia* v. *Building `Commissioner of Winchester*, 306 Mass. 495.

The plaintiff's petition for a variance was denied on April 4, 1939. It is not entirely clear from the bill just when the building inspector refused to consider the plaintiff's application to construct the restaurant, but it is assumed that it must have been prior to April 17, 1939, when the bill was filed in this court. In any event, it is apparent that the plaintiff did not, within fifteen days after decision, file an appeal in the Superior Court. See *Grant* v. *Pizzano*, 264 Mass. 475, 477, 478. It may be observed that it is provided by G. L. (Ter. Ed.) c. 40, § 30A, as inserted by St. 1933, c. 269, that the Superior Court is given jurisdiction in equity to enforce the provisions of §§ 25–30, inclusive, and any ordinances or by-laws made thereunder, and to restrain by injunction violations thereof. As already pointed out, provision is made for appeals to the board of appeals by any person aggrieved by reason of his inability to obtain a permit from any administrative official, and the board of appeals is empowered to hear and decide appeals where it is alleged by the applicant for a

permit that there is error in any order or decision made by an administrative official in the enforcement of the statutory provisions or of any ordinance or by-law adopted thereunder.

Apart from the jurisdiction conferred upon the Superior Court by said c. 40, as amended, the Legislature, by St. 1934, c. 263, § 1, amended G. L. (Ter. Ed.) c. 185, § 1, by the insertion of clause (j½), by which exclusive original jurisdiction was conferred upon the Land Court of petitions against a city or town to determine the validity of a municipal zoning ordinance, by-law or regulation passed or adopted under the provisions of §§ 25–30A, inclusive, of said c. 40, or under any special law relating to zoning, so called. Section 2 of said c. 263 amended G. L. (Ter. Ed.) c. 240 by inserting a new section, 14A, which provides for the bringing of such petitions, and, among other things, that the court may make binding determinations "of right" interpreting such ordinances, by-laws or regulations whether any consequential judgment is or could be claimed or not.

We think it follows from an examination of the legislation covering the field of zoning by towns, that exclusive original jurisdiction has been conferred upon the Superior Court and Land Court, respectively, to deal with matters covered thereby. Upon appeal to the Superior Court, sitting in equity, the court is required to hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul a decision of the board of appeals if found to exceed the authority of the board, "or make such other decree as justice and equity may require." The exclusive jurisdiction conferred upon the Superior Court is broad enough to enable it to determine all questions arising upon appeal, and to determine whether a plaintiff, as in the case at bar, is entitled to the relief for which he prays. The zoning law, as it now stands, no longer limits a person aggrieved to the right to bring a petition for a writ of certiorari to correct errors of law in a decision of the board of appeals, but by it his remedy has been enlarged through the comprehensive and exclusive

jurisdictions conferred upon the Superior Court and Land Court. It is true that the Supreme Judicial. Court has original and concurrent jurisdiction with the Superior Court in equity of all cases and matters of equity cognizable under the general principles of equity jurisprudence. G. L. (Ter. Ed.) c. 214, § 1. But the Legislature has provided for a system of appeals in matters arising under zoning laws and for a determination of the facts by the Superior Court, with the mandatory direction that the remedy provided shall be exclusive; and although the Land Court, in some instances, has original and concurrent jurisdiction in equity with the Supreme Judicial Court and Superior Court (see G. L. [Ter. Ed.] c. 185, § 1 [k], inserted by St. 1934, c. 67, § 1), nevertheless that court has exclusive original jurisdiction with reference to petitions arising under zoning laws to the extent hereinbefore referred to. The case at bar is not one where the plaintiff can be heard to say that, if he had followed the comprehensive provisions relative to municipal zoning laws, he would have been deprived of any right to the relief that he now seeks. Furthermore, we are of opinion that the exclusive remedies provided render this court without jurisdiction to entertain in the first instance the plaintiff's bill.

What has been said disposes of the plaintiff's contention, and, in the circumstances, it is unnecessary to determine whether, in the face of the provisions of the zoning law as it now stands, the plaintiff could have been heard on a petition for mandamus to require the inspector of buildings to consider his application to a greater extent than he did. See *Knowlton* v. *Swampscott*, 280 Mass. 69, 72, and cases cited.

*Decree affirmed.*