RUTH W. CLAP & others *vs.* MUNICIPAL COUNCIL OF ATTLEBORO & others.

Bristol.   October 27, 1941. — January 26, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Zoning. Certiorari. Equity Jurisdiction*, Zoning. *Superior Court*, Jurisdiction.

The remedy of neighboring landowners, aggrieved by the granting of an application for a building permit by a zoning board of appeal acting on an appeal by the applicant from a denial of the permit by the building inspector, was by appeal to the Superior Court under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1; certiorari to quash the action of the board did not lie.

PETITION for a writ of certiorari, filed in the Superior Court on June 4, 1941.

The case was heard by *Broadhurst*, J.

*E. A. French*, for the petitioners, submitted a brief.

*E. O. Proctor*, for the respondents.

DOLAN, J. This is a petition for a writ of certiorari to quash the proceedings of the municipal council of the city of Attleboro in which, acting as a board of appeal under G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and amended by St. 1935, c. 388, it granted a permit to one Duffy to alter and convert a building, located in a residential district of the city, into a business (an undertaking) establishment. In so doing the board acted upon Duffy's appeal from a decision of the building inspector of the city denying the permit.

The respondents demurred to the petition on the ground that the petitioners' remedy was either by appeal from the decision of the board to the Superior Court sitting in equity under said § 30, or by petition to the Land Court under

G. L. (Ter. Ed.) c. 185, § 1 (j½), and c. 240, § 14A. (See St. 1934, c. 263, §§ 1; 2.) The case comes before us on the petitioners' appeal from the order entered by the judge of the Superior Court sustaining the demurrer and dismissing the petition.

The petition recites, in substance, that the petitioners are neighboring owners of land zoned and used for residential purposes; that Duffy appealed to the respondents from a refusal of the building inspector to grant a permit to Duffy for the alteration or conversion of a building, owned by him, for business purposes, which would constitute a variance of the terms of the zoning ordinance; that the hearing of the appeal was advertised by the respondents sitting as an appeal board; that some of the petitioners appeared by counsel and objected, but that the board voted to grant the variance sought by Duffy; and that the building inspector thereupon issued a permit authorizing the change. The petition further recites that the board of appeal had no jurisdiction as such of the "application" of Duffy, and that its acts in hearing the appeal were illegal and erroneous. Causes of error set forth in the petition are (1) that the written consent of certain neighboring landowners was not filed with the application of Duffy as required by the zoning ordinance of the city involved; (2) that the granting of the permit or variance was not authorized by the unanimous decision of the entire membership of the board as required by the governing statutes; (3) that notice of the public hearing by the board was not mailed to the owners of all property deemed by the board to be affected thereby "as they appeared in the most recent tax list"; (4) that notice of the decision of the board was not mailed forthwith to each party in interest as required by G. L. (Ter. Ed.) c. 40, § 27A [*sic*]; (5) that the appeal claimed by Duffy was taken by him under article IV of the building ordinances of the city, the procedure under which is inconsistent with the provisions of "General Laws, Tercentenary Edition, Chapter 40, Section 27A and Section 30 of Chapter 269 of the Acts of 1933 and Amendments thereto"; and that the acts of the board of appeal are "a nullity and void."

General Laws (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and amended by St. 1935, c. 388, provides in part that "Appeals to the board of appeals may be taken by any person aggrieved by reason of his inability to obtain a permit from any administrative official under the provisions of sections twenty-five to thirty A, inclusive." Section 30 further provides that a person aggrieved "by a decision of the board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is filed in said court within fifteen days after such decision is recorded. It shall hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases."

In the instant case the application for the permit by Duffy was denied by the building inspector. Duffy pursued the remedy provided by § 30 by appealing to the board of appeals, a remedy open only to him. (See now, however, St. 1941, c. 198.) The case is not one of an attempted appeal by neighboring landowners from the granting of a permit by the administrative official, and is thus distinguishable from *Tranfaglia* v. *Building Commissioner of Winchester,* 306 Mass. 495; *Tranfaglia* v. *Board of Appeals of Winchester,* 306 Mass. 619, where the appeal was taken to the board of appeals by neighboring landowners from the action of the commissioner in granting the permit, and it was held that the action of the board upon the appeal affirming that of the commissioner was a nullity; that the Superior Court upon appeal to it in equity could not exercise any jurisdiction that the board did not possess; that the Superior Court could but annul the action of the board, thus leaving the action of the commissioner granting the permit in full force, and the neighboring landowners claiming to be aggrieved without a remedy; and that therefore

mandamus would lie to compel the commissioner to enforce the zoning law. See also *Petros* v. *Superintendent of Buildings of Lynn,* 306 Mass. 368, 369.

We do not decide or intimate that the allegations of the petition are sufficient to show an assumption by the board of a jurisdiction it did not have, rather than an erroneous exercise of the jurisdiction conferred upon it by § 30. In either case, upon appeal by the petitioners as persons aggrieved by the action of the board, a right reserved to the petitioners under § 30, the Superior Court was empowered thereunder to annul the decision of the board if it exceeded its authority. *Turner* v. *Board of Appeals of Milton,* 305 Mass. 189. The relief thus to be had if the decision of the board was annulled would not, as in the *Tranfaglia* case, leave the petitioners without a remedy, but it would serve to preserve in full force and effect the denial of the permit by the inspector. A complete remedy having been thus afforded the petitioners under the statute, it follows that this petition for a writ of certiorari to quash the proceedings of the board cannot be maintained. See *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, and cases cited; *Hurley* v. *Lynn,* 309 Mass. 138; *Hull* v. *Belmont,* 309 Mass. 274.

> *Order sustaining demurrer and dismissing the petition affirmed.*