CLIFFORD E. SMITH & others *vs.* BOARD OF APPEALS OF
FALL RIVER.

Bristol.   February 7, 1946. — March 7, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Zoning. Equity Jurisdiction,* Zoning. *Fall River.*

An appeal to the Superior Court in the form of a suit in equity, brought
against the board of appeals of a city under G. L. (Ter. Ed.) c. 40, § 30,
as appearing in St. 1933, c. 269, § 1, and subsequently amended, by
persons aggrieved by a decision of the board granting written petitions
made directly to it for permits for alterations in buildings which pur-
ported to be authorized by an amendment to the city's zoning ordi-
nance, and an appeal by the board to this court from a final decree
declaring the amendment to the ordinance invalid and annulling the
granting of the permits, were proper procedure, and presented to this
court the question whether the amendment was valid and gave the
board authority to act as it did.
The statutes respecting zoning did not authorize provisions of the zoning
ordinance of Fall River, as amended, in substance that notwithstand-
ing any other provision of the ordinance to the contrary, the board
of appeals, upon petition to it, after notice and hearing, might by
unanimous decision permit the alteration and use as a residence for
not more than six families of any building or structure existing on
January 1, 1940, in any district, provided the cubical content of the
building or structure was not increased and "the outside structure"
was not enlarged in width, length, or height; and that the board might
permit the alteration and use for not more than three families of a
single family house erected after January 1, 1940, in a single residence
district and the alteration and use for not more than four families
of any building or structure erected after January 1, 1940, in any
other district.
An acute housing shortage is not justification for, and does not render
valid, a provision of a zoning ordinance beyond statutory authority.

BILL IN EQUITY, filed in the Superior Court on February 3,
1943.

The case was heard by *Hurley,* J.

In this court the case was submitted on briefs.

*A. E. Seagrave,* for the plaintiffs.

*G. L. Sisson,* Corporation Counsel, for the defendants.

Qua, J.  This is an appeal to the Superior Court in the form of a suit in equity under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and subsequently amended, brought by persons aggrieved by decisions of the board of appeals of Fall River granting to several different applicants permits to make alterations in certain dwelling houses to convert them into residences for not more than six (in two instances not more than four) families, all in single residence districts.

The board purported to act under the authority of an amendment to the city's zoning ordinance which provides, in substance, that notwithstanding any other provision of the ordinance to the contrary, the board of appeals, upon petition to the board, after notice and hearing, may by unanimous decision permit the alteration and use as a residence for not more than six families of any building or structure existing on January 1, 1940, in any district, provided the cubical content of the building or structure is not increased and "the outside structure" is not enlarged in width, length, or height.  There are similar provisions under which the board may permit the alteration and use for not more than three families of a single family house erected after January 1, 1940, in a single residence district and the alteration and use for not more than four families of any building or structure erected after January 1, 1940, in any other district.

The Superior Court overruled a demurrer of the defendants to the bill and on the merits entered a final decree declaring the amendment to the ordinance invalid and annulling the decisions of the board granting the permits. Both decrees were entered the same day.  The defendants filed a single appeal to this court from the terms of which as printed in the record it is impossible to determine to which decree it was intended to relate.  However, as the ultimate result would be the same in any event, we construe the appeal as relating to the final decree and as opening to revision also the interlocutory decree overruling the demurrer.  G. L. (Ter. Ed.) c. 214, § 27.  *Harrell* v. *Sonnabend,* 191 Mass. 310.  *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 484.

*Rigs* v. *Sokol*, 318 Mass. 337. It will not be necessary to discuss the two decrees separately, since the facts found at the hearing on the merits are not different from those alleged in the bill and admitted by the demurrer in any decisive particular relating to any point presented and argued.

The case was properly before the Superior Court and is properly before us by appeal from the decree of that court. It is provided by G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and subsequently amended, among other things, that any person aggrieved by a decision of the board of appeals, whether or not previously a party to the proceeding, may appeal to the Superior Court sitting in equity and that the Superior Court shall annul the decision of the board if the board exceeded its authority. Here the board purported to act upon written petitions made directly to the board as provided in the amendment to the ordinance, and the question is whether the amendment was valid and gave the board authority to act as it did. The procedure was therefore in exact conformity to the statute. *Turner* v. *Board of Appeals of Milton*, 305 Mass. 189, 193. The case is to be distinguished from *Petros* v. *Superintendent of Buildings of Lynn*, 306 Mass. 368, 369, and *Tranfaglia* v. *Building Commissioner of Winchester*, 306 Mass. 495, where it was held that mandamus would lie to compel the local officer having authority to grant permits in the first instance to revoke a permit wrongly granted by him, when the petitioners for mandamus, as the law then stood, had no remedy through the board of appeals. *Clap* v. *Municipal Council of Attleboro*, 310 Mass. 605, 607–608. See further *Tranfaglia* v. *Board of Appeals of Winchester*, 306 Mass. 619. See now the amendment introduced into G. L. (Ter. Ed.) c. 40, § 30, by St. 1941, c. 198, §§ 1, 2.

The amendment to the ordinance was not authorized by the enabling statute and was invalid. It was not, we think, an ordinance requiring the board "to hear and decide requests for special permits" within the meaning of the paragraph numbered 2 of that part of G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and subsequently amended, which deals with the powers of boards

of appeals. It made no provision for "special permits" to be granted for adequate reasons with reference to any special peculiarity, exigency, occasion, or use affecting or to affect certain particular buildings or lots as distinguished from the districts as a whole in which they were placed. Compare *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, 225, 227. Its provisions could be applied to a great number, if not to most, of the structures and houses in each district and could be employed to break down one of the principal characteristics of the zoning system. It opened the door to discrimination not based upon valid difference. It purported to delegate to the board of appeals power to bring about situations where the regulations and restrictions would not be "uniform for each class or kind of buildings, structures or land, and for each class or kind of use, throughout each district" as required by G. L. (Ter. Ed.) c. 40, § 25 (second paragraph), as appearing in St. 1933, c. 269, § 1. It ignored the requirement of § 25 (fourth paragraph) that the ordinance should be "the same for zones, districts or streets having substantially the same character." It attempted to override the careful limitation upon the power to grant variances laid down by said § 30 in the paragraph numbered 3 of that part of the section dealing with the powers of boards of appeals. It attempted to delegate to the board of appeals, apart from its power to authorize variances, a new power to alter the characteristics of zoning districts, a power conferred by said § 25 only upon the legislative body of the city to be exercised only in the manner prescribed by G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1933, c. 269, § 1, and subsequently amended; and it attempted to do this without furnishing any principles or rules by which the board should be guided, leaving the board unlimited authority to indulge in "spot zoning" at its discretion or whim. See *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128; *Whittemore* v. *Building Inspector of Falmouth*, 313 Mass. 248; *Smith* v. *Board of Appeals of Salem*, 313 Mass. 622.

The suggestion is made that the amendment was adopted

in an attempt to relieve the acute housing shortage by providing living accommodations for additional families. But however laudable the purpose may be, a municipality cannot in this manner wander beyond the confines of the statutory authority under which alone it can act upon the subject matter. Only the Legislature can determine whether existing conditions call for a relaxation of the rules.

*Final decree affirmed.*