JOHN J. BOYLE, JUNIOR, & others *vs.* BUILDING INSPECTOR OF MALDEN & another.

Middlesex.    February 7, 1951. — July 2, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

Zoning. *Equity Jurisdiction*, Zoning, Other remedy. *Evidence*, Judicial notice. *Equity Pleading and Practice*, Demurrer, Appeal, Discontinuance. *Error*, Whether error shown.

There can be no judicial notice of city ordinances.
If a city zoning ordinance, pursuant to G. L. (Ter. Ed.) c. 40, § 30, sixth paragraph, as appearing in St. 1941, c. 198, § 1, gave landowners in the neighborhood of a certain parcel of land a right to appeal to the zoning board of appeals from the issuance of a building permit respect-

ing such parcel by the building inspector, that remedy would preclude the maintenance of a suit in equity by such landowners to compel the building inspector to cancel the permit as having been issued in violation of the ordinance.

Landowners in the neighborhood of a certain parcel of land in a city could not maintain a suit in equity to compel the building inspector to cancel a building permit respecting such parcel as having been issued in violation of the city's zoning ordinance, even if such landowners had no remedy by appeal to the zoning board of appeals from the issuance of the permit.

Grounds not specified in a demurrer to a bill in equity are not open in determining whether the demurrer should be sustained or overruled.

The general question whether a bill in equity stated a case was not raised by a demurrer specifying as its grounds only that the plaintiff had a certain adequate remedy at law and that the bill was multifarious.

Facts alleged in a demurrer to a bill in equity but not in the bill could not be considered in support of the demurrer.

Error in the denial of a motion by the plaintiff in a suit in equity for "leave to file a discontinuance in the form attached hereto" was not shown on appeal where such form did not appear in the record, and the order denying the motion was affirmed.

BILL IN EQUITY, filed in the Superior Court on December 30, 1949.

Demurrers to the bill were sustained by *Beaudreau,* J.

A motion for leave to discontinue was denied, and a final decree dismissing the bill entered, by *O'Brien,* J.

*H. D. Sharpe,* for the plaintiffs.

*G. W. Shinney,* (*E. H. Farrell* with him,) for the defendant Di Cesare.

QUA, C.J. This suit in equity was originally brought by a group of seven plaintiffs declaring themselves to be "owners of parcels of real estate adjoining, adjacent to or in the vicinity of" land of the defendant Di Cesare at No. 674 Main Street in Malden. The purpose of the bill is to compel the defendant building inspector to cancel a permit given by him to build two six car garages at No. 674, and to restrain the defendant Di Cesare from building under the permit.

A separate demurrer of each defendant was sustained, and thereafter a motion of four of the plaintiffs "that they may have leave to file a discontinuance in the form attached

hereto" was denied and the bill was dismissed. The four plaintiffs appeal from each of these decrees.

1. The demurrer of the defendant building inspector was rightly sustained.

The first ground specified in that demurrer is general: that the bill "does not set forth a cause of action." The bill alleges that the premises at 674 Main Street are zoned in part "as an Apartment House District" and in part "as a General Residence District," and that the inspector "had knowledge or should have had knowledge" that the issuance of the permit violated the zoning ordinance. But the ordinance is not set forth in the bill by copy, quotation, or paraphrase. We cannot take judicial notice of municipal ordinances. They are matter of fact to be alleged and proved like other facts. *Commonwealth* v. *Kimball*, 299 Mass. 353, 355. *Cerwonka* v. *Saugus*, 316 Mass. 152, 153. *Lioni* v. *Marr*, 320 Mass. 17, 21. We do not know whether or not under the Malden ordinance the board of appeals which is required to be provided by the enabling act, G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1,[1] had authority to hear appeals "by any person aggrieved" in accordance with the permissive provision in the sixth paragraph of § 30 as appearing in St. 1941, c. 198, § 1. But if the Malden ordinance does include authority of this kind, it is plain that the plaintiffs should have pursued their remedy by appeal to the board of appeals instead of proceeding directly to the Superior Court in the first instance. *Godfrey* v. *Building Commissioner of Boston*, 263 Mass. 589. *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353, 356–357. *Knowlton* v. *Swampscott*, 280 Mass. 69. *Hull* v. *Belmont*, 309 Mass. 274, 281. *Clap* v. *Municipal Council of Attleboro*, 310 Mass. 605. *Smith* v. *Board of Appeals of Fall River*, 319 Mass. 341, 343. G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1941, c. 198, § 1. And if the ordinance does not include such authority, the plaintiffs as adjacent landowners have no private rights by statute or otherwise

---

[1] Amended in respects not material to this case by St. 1945, c. 167, and St. 1951, c. 205.

to enforce the zoning laws on land of another by a suit in equity. *Jenks* v. *Williams*, 115 Mass. 217. *Hagerty* v. *McGovern*, 187 Mass. 479. *O'Brien* v. *Turner*, 255 Mass. 84. *Bancroft* v. *Building Commissioner of Boston*, 257 Mass. 82, 85–86. *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 290–291. Thus under either alternative the plaintiffs cannot maintain their bill against the defendant inspector. It is unnecessary to consider other possible defects in the bill or other grounds of demurrer.

2. There was error in sustaining the demurrer of the defendant Di Cesare.

No doubt what has already been said in dealing with the demurrer of the defendant inspector will apply in general, at the hearing on the merits, to the defendant Di Cesare as well; but a demurrer must be sustained or overruled upon the grounds specified in it. *Kenyon* v. *Chicopee*, 320 Mass. 528, and cases cited. *Grindle* v. *Brown*, 321 Mass. 182, 183. The grounds specified in the demurrer of the defendant Di Cesare are that the plaintiffs have an adequate remedy at law by appeal to the board of appeals under the ordinance, and that the bill is multifarious. Neither of these specifications is equivalent to a demurrer on the general ground that no case is stated in the bill. *Raynes* v. *Sharp*, 238 Mass. 20, 24–25. *Kenyon* v. *Chicopee*, 320 Mass. 528, 531–532, and cases cited. The demurrer cannot be sustained on the ground that the plaintiffs have an adequate remedy at law under the ordinance because we do not know the provisions of the ordinance, and the attempt to summarize some of them in the demurrer itself is futile, since it is not the office of a demurrer to plead facts. *Pond* v. *Simpson*, 251 Mass. 325, 327–328. *Security Co-operative Bank* v. *McMahon*, 294 Mass. 399, 402. *Rosenthal* v. *Maletz*, 322 Mass. 586, 588–589. The demurrer by its terms does not raise the question whether, if the plaintiffs have no remedy by appeal under the ordinance, they have an adequate remedy at law by mandamus or certiorari. See *Tranfaglia* v. *Building Commissioner of Winchester*, 306 Mass. 495; *Clap* v. *Municipal Council of Attleboro*, 310 Mass. 605;

*Smith* v. *Board of Appeals of Fall River,* 319 Mass. 341, 343;
*Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589;
*Parrotta* v. *Hederson,* 315 Mass. 416, 419–421.

That the bill is not multifarious is too obvious to require discussion.

3. No error is shown in the denial of the plaintiffs' motion "that they may have leave to file a discontinuance in the form attached hereto."

Either some form must have been attached to the motion or the absence of a form rendered the motion meaningless. If a form was attached, it is not printed in the record, and we do not know what it was. It may have been an improper form for the court to allow. It may have excluded any provision for costs, which would commonly be chargeable against plaintiffs who seek to discontinue their own bill. It was the duty of the appealing parties to see that enough was included in the record to show the error which they claimed. *Goshein* v. *Chavenson,* 261 Mass. 403, 404. *Staples* v. *Collins,* 321 Mass. 449. As to the right in general of a plaintiff in equity to discontinue see *Kempton* v. *Burgess,* 136 Mass. 192; *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District,* 171 Mass. 450; *Bullivant* v. *First National Bank,* 246 Mass. 324, 328–331; *Shea* v. *Lexington,* 290 Mass. 361, 372–374.

The interlocutory decree sustaining the demurrer of the defendant building inspector is affirmed. The interlocutory decree sustaining the demurrer of the defendant Di Cesare is reversed, and an interlocutory decree is to be entered overruling the demurrer. The order denying the plaintiffs' motion for "leave to file a discontinuance" is affirmed. The final decree dismissing the bill is affirmed as to the defendant building inspector and reversed as to the defendant Di Cesare.

*So ordered.*