OLD COLONY TRUST COMPANY & another, trustees, & others *vs.* MERCHANT ENTERPRISES, INC. & another (and a companion case [2]).

Barnstable.    November 3, 1954. — April 6, 1955.

Present: QUA, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Building Laws.  Equity Jurisdiction,* Order of building inspector, Zoning, Building laws.  *Evidence,* Judicial notice.  *Nuisance.  Words,* "Order, requirement or direction."

The issuance of a building permit by a municipal building inspector is not "an order, requirement or direction" by him within G. L. (Ter. Ed.) c. 143, § 55, as appearing in St. 1949, c. 541, § 7.  [486–487]

There can be no judicial notice of town by-laws.  [488]

Landowners in the neighborhood of a parcel of land located in two towns could not maintain a suit in equity against the owner of such parcel to enforce the building or zoning by-laws of the towns by injunction against construction of a certain building on the portion of such parcel in one of the towns, for which a building permit had been issued by the building inspector of that town, and against use of the portion of the parcel in the other town in connection with such a building.  [488]

A nuisance was not shown by allegations merely that a "motel type of building" would "constitute a hazard" and damage the property of neighboring landowners.  [488]

---

[1] "6. The judgment debtor appearing personally at the place of sale on June 27, 1953, following two advertisements of such sale, scheduled to be held on June 27, 1953, at which sale the judgment creditor was present with his attorney and the judgment debtor openly protested the validity of the sale and stated that he had received no notice of sale served upon him of a sale scheduled for June 27, 1953, and that there were only two successive advertisements of a sale scheduled for June 27, 1953, and that notwithstanding, the officer proceeded to conduct a sale on June 27, 1953.  That where the judgment creditor bid in and purchased at such sale, such judgment creditor purchased with knowledge of the invalidity of the sale." — REPORTER.

[2] The companion case is by some of the same plaintiffs against the defendant Merchant Enterprises, Inc.

Two BILLS IN EQUITY, filed in the Superior Court on November 25, 1953.

Demurrers to the bills were heard by *Fairhurst,* J.

*Gerald Gillerman,* for the plaintiffs.

No argument nor brief for the defendants.

QUA, C.J.  These two suits were filed in the Superior Court on the same day against the defendant Merchant Enterprises, Inc.  In one were many plaintiffs, and the building inspector of Dennis was joined as a defendant.  In the other were four of the same plaintiffs, and Merchant Enterprises, Inc., was the only defendant.  In each case a demurrer or demurrers were sustained and the bill was dismissed.  The plaintiffs appeal from the interlocutory and final decrees.  An attempt by one of the plaintiffs to withdraw from each case after the final decree and after the entry of the appeals in this court came too late and must be disregarded.  It will be convenient to deal first with the suit in which the many plaintiffs appear, which we denominate the first case.


## THE FIRST CASE.

The allegations of the bill in this case are that the defendant Merchant Enterprises, Inc., is the owner of a parcel of land located partly in Dennis and partly in Harwich; that the plaintiffs are owners of land in Dennis which abuts or adjoins or is in close proximity to the land of Merchant Enterprises, Inc.; that on October 27, 1953, the defendant building inspector of Dennis "ordered a building permit to issue" to Merchant Enterprises, Inc., for "a motel type of building" on that portion of its land located in Dennis; that construction has already commenced; that the plaintiffs are aggrieved by the order of the inspector, first, in that "said motel will constitute a hazard" within the meaning of § 8 of the building and fire prevention by-law of Dennis, a copy of which is attached to the bill; and second, in that "said motel will result in substantial injury to the town of Dennis, and to the neighborhood" of said lot and

to the property of the plaintiffs by increasing the danger from fire, detracting from the exclusively residential character of the town, and depreciating the value of the plaintiffs' property, all in violation of § 1 and § 11, paragraph 3, of the by-law. The prayers are, in substance, for injunctive relief and revocation of the permit.

It is alleged that the suit is brought in accordance with the provisions of G. L. (Ter. Ed.) c. 143, § 55. No other basis on which the suit can rest is mentioned in the bill or is urged or suggested in argument.

We are of opinion that the bill fails to state a case under § 55. That section as appearing in St. 1949, c. 541, § 7, is quoted in full in the footnote.[1] The issuance of a building permit by a building inspector is not "an order, requirement or direction" within the meaning of those words in § 55. It is merely a permit authorizing the landowner to do something which he could not otherwise lawfully do. It does not command him to do anything. Whether he shall act under it is entirely within his own choice. No "service" is made of it. There is no "enforcement" of it. The reference to "the county where the building to which such order, requirement or direction relates is situated" implies an existing building, whereas many, if not most, building permits would relate to buildings not yet in existence. This § 55 appears in a long chapter concerning the inspection and

---

[1] "Any person aggrieved by an order, requirement or direction of an inspector or an inspector of buildings, both as defined in section one, under any of the preceding sections may, within thirty days after the service thereof, appeal to a judge of the superior court for the county where the building to which such order, requirement or direction relates is situated for an order forbidding its enforcement; and after such notice as said court shall direct to all parties interested, a hearing may be had before the court at an early and convenient time and place fixed by it; or the court may appoint three disinterested persons, skilled in the subject matter of the controversy, to examine the matter and hear the parties; and the decision of said court, or the written decision under oath of a majority of said experts, filed in the office of the clerk of courts in said county within ten days after such hearing, may alter, annul or affirm such order, requirement or direction. Such decision or a certified copy thereof shall have the same authority, force and effect as the original order, requirement or direction of the inspector. If such decision annuls or alters the order, requirement or direction of the inspector, the court shall order the inspector not to enforce his order, requirement or direction, and in every case the certificate required by law shall thereupon be issued by said court or by said experts."

regulation of buildings, various sections of which authorize, or enable municipalities to authorize inspectors to make orders and requirements and to give directions which are binding and which must be obeyed. It is from such orders, requirements, and directions in the nature of commands that § 55 provides an "appeal." That this is the true construction of the section further appears from the provisions of St. 1890, c. 438, § 1, from which § 55 is derived. The act of 1890 provided for injunctive relief against the enforcement of an "order, requirement or direction" of an inspector given under c. 149, c. 316, or c. 426 of the acts of 1888. All orders, requirements, or directions under those statutes of 1888 had reference to changes or installations that must be made in or upon the premises to render them safe and had no reference to building permits.

## The Second Case.

In the second case the bill alleges that the plaintiffs are owners of land in both Harwich and Dennis which abuts or adjoins or is in close proximity to land of the defendant; that the portion of the defendant's land in Harwich is subject to the provisions of a building and fire prevention law of that town which prevents the use thereof for any purpose other than that of a single family dwelling; that the building inspector of Harwich refused permission to erect "a motel type of building to be used for business purposes"; that the board of appeals of Harwich denied a variance; and that the defendant, notwithstanding the plaintiffs' appeal to the board of appeals of Dennis from the issuance of a building permit by the building inspector of that town, has commenced the construction of "a motel type of building" on that portion of its land located in Dennis, which will "constitute a hazard" and will damage the property of the plaintiffs. The prayers are in substance for injunctive relief with respect to the construction and operation of a "motel" on the portion of the defendant's land in Dennis and with respect to any use of the portion in Harwich inci-

dental to or in connection with such operation or "in violation of the by-law of" Harwich, and for damages.

The bill does not set forth the by-laws of either Harwich or Dennis or incorporate them in any way by reference. It contains only the brief statements indicated above of the pleaders' conclusions as to their effect. It would be unusual if the building and fire prevention law of Harwich contained any provisions that would prevent the use of vacant land as incidental to a "motel" in another town. One would expect to find any such provision in a zoning by-law rather than in a building and fire prevention by-law. But however this may be, the by-laws are matters of fact of which the court does not take judicial notice and which must be pleaded. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566, and cases cited. Without them no basis appears for this suit. Moreover, in the absence of any claim of a nuisance, it does not appear how the plaintiffs as adjoining or neighboring landowners have acquired any right to enforce by bill in equity against the defendant the provisions of the building or zoning by-laws of either town. *Jenks* v. *Williams,* 115 Mass. 217. *Hagerty* v. *McGovern,* 187 Mass. 479. *O'Brien* v. *Turner,* 255 Mass. 84. *Mullholland* v. *State Racing Commission,* 295 Mass. 286, 290–291. *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 430–431. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566–567. Compare *Sunderland* v. *Building Inspector of North Andover,* 328 Mass. 638, 640. The bare allegation that the defendant's building will "constitute a hazard" without more is not an allegation of a nuisance.

### CONCLUSION.

It follows from what has been said that the demurrer or demurrers in each case were rightly sustained, and that in each case the rescript will be "Interlocutory decree [or decrees] affirmed. Final decree affirmed with costs of the appeal."

*So ordered.*